[Crim. No. 14679.   Second Dist., Div. Five.   Mar. 27, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. DAVID LEE WHEELER, Defendant and Appellant.

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

STEPHENS, J.—Defendant was charged by information with two counts of robbery, in violation of Penal Code section 211. The information also alleged that defendant was armed with a deadly weapon at the time of the commission of the

offenses. Defendant pleaded not guilty and waived his right to trial by jury. Defendant was adjudged guilty of robbery in the first degree as to both counts. The court found that the defendant was not armed with a deadly weapon at the time of the commission of the offenses. The court ordered that the defendant be committed to the California Youth Authority.[1]

Briefly, defendant and a companion robbed a man and his wife. Defendant took the man's wallet, and his companion took the wife's purse. There is sufficient evidence to support the conclusion of the court that the offenses were committed by means of force or fear. Further exposition of the facts relative to either count is unnecessary since the issues presented on appeal are unrelated to the actual commission of the offenses involved.

Defendant contends that he did not effectively waive his right to trial by jury because the nature of the right and the implications of its waiver were not explained to him. The answer to this contention requires reference to the reporter's transcript of the waiver proceedings.[2] The thrust of defend-

---

[1] An appeal may lie from such commitment. (Welf. & Inst. Code, §§ 1737.5, 1739.)

[2] "MR. LARSEN [attorney for the defendant]: Yes, your Honor. I spoke to my client, your Honor. He indicates now that he would like to have this matter tried by the Court.

"THE COURT: Well, if that's the case, I will ask the District Attorney to take the waiver then, please.

"MR. IDEMAN [deputy district attorney]: Is David Lee Wheeler your true name?

"THE DEFENDANT: Yes.

"MR. IDEMAN: Mr. Wheeler, you have previously been arraigned on Information No. A-223129, in which you are charged with two counts of robbery, in violation of Section 211 of the Penal Code, a felony, and each count also alleges that at the time of the commission of the offense, you were armed with a deadly weapon, to wit, a butcher knife.

"Now, for the trial of these charges against you, sir, you have a right to a trial by jury; that is, 12 citizens who would take their place in the jury box, hear the evidence in the case, hear the instructions of the Court, and they would decide whether you are innocent or guilty of either or both of these charges. Do you understand that?

"THE DEFENDANT: Yes.

"MR. IDEMAN: And if they find you guilty of robbery, they decide whether it would be robbery of the first or the second degree. Do you understand that?

"THE DEFENDANT: Yes.

"MR. IDEMAN: And if they find you guilty, they would also decide whether or not this armed allegation in each count is true. Do you understand that, sir?

"THE DEFENDANT: Yes.

"MR. IDEMAN: All right. You can give up your right to a trial by jury if you want to, and have his Honor, Judge Dell, sitting without a jury, hear the case.

"He alone will hear the evidence in the case, will decide whether you

ant's argument is that the waiver was deficient because the court did not inform him that the jury had to reach a unanimous verdict. Not only had defendant previously discussed the question of jury wavier with his counsel, but he was specifically and unequivocally told in open court that in a jury trial, 12 citizens would decide his innocence or guilt, whereas in a court trial, the judge alone would make the decision. ■ All that is required to establish a valid waiver is that defendant, by use of language in open court, personally and expressly relinquish his right to trial by jury in a manner leaving no question of misinterpretation, doubt, or uncertainy. (Cal. Const., art. I, § 7;[3] *People* v. *Lookadoo*, 66 Cal.2d 307, 311 [57 Cal.Rptr. 608, 425 P.2d 208] ; *People* v. *Thomas*, 269 Cal.App.2d 327, 330-331 [74 Cal.Rptr. 617].) ■ Here, the record clearly and affirmatively establishes a knowledgeable waiver by defendant after having the full benefit of discussing the matter with his counsel. (*People* v. *Torres*, 214 Cal.App.2d 734, 741 [29 Cal.Rptr. 706].)

■■ Defendant next contends that the prosecution and conviction of two counts of robbery placed him in double jeopardy and constituted multiple punishment in violation of Penal Code section 654. There is no merit to either of these contentions. Double jeopardy has reference to multiple prosecutions for the same offense. (*People* v. *Douglas*, 246 Cal.App. 2d 594 [54 Cal.Rptr. 777].) Here, there has been only one trial, and hence double jeopardy cannot exist since there has been no prior determination which placed defendant in jeopardy for the same offense. (Pen. Code, § 1023.) ■ As

are innocent or guilty of either or both of these counts; he will decide what the degree of the robbery is, if he finds you guilty, and he will decide whether or not the armed allegations are true. Do you understand that, sir?
''THE DEFENDANT: Yes.
''MR. IDEMAN: Now, having heard my explanation, do you want all these issues tried by the judge, or by a jury?
''THE DEFENDANT: Judge.
''MR. IDEMAN: You give up your right to a jury trial?
''THE DEFENDANT: Yes.
''MR. IDEMAN: Has anybody told you what the judge is going to do in this case if you give up your right to a jury trial?
''THE DEFENDANT: No.
''MR. IDEMAN: Do you join, counsel?
''MR. LARSEN: I join.
''MR. IDEMAN: People join.
''THE COURT: I will accept the waiver.''

[3]California Constitution, article I, section 7 provides: ''The right of trial by jury shall be secured to all, and remain inviolate; . . . . A trial by jury may be waived in all criminal cases, by the consent of both parties, expressed in open court by defendant and his counsel, . . . .''

to the contention of multiple punishment, where a defendant participated in the simultaneous robbery of two separate victims, the law is clear that two separate criminal acts or omissions occurred. (Pen. Code, § 654; *In re Hayes,* 70 Cal.2d 604 [75 Cal.Rptr. 790, 451 P.2d 430] (Decided March 17, 1969, S.Ct. Cr. No. 11647) ; *People* v. *Tideman,* 57 Cal.2d 574 [21 Cal.Rptr. 207, 370 P.2d 1007] ; *Neal* v. *State of California,* 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839].)

Moreover, in the present case, defendant was committed to the Youth Authority. In California, commitment to the Youth Authority is not the equivalent of a sentence to state prison for punishment of a criminal conviction.[4] (*People* v. *Wilkens,* 251 Cal.App.2d 823, 829 [60 Cal.Rptr. 49] ; *In re Keller,* 232 Cal.App.2d 520 [42 Cal.Rptr. 921] ; *People* v. *Zaccaria,* 216 Cal.App.2d 787 [31 Cal.Rptr. 383].) Hence, Penal Code section 654, which says that " [a]n act or omission *which is made punishable in different ways* by different provisions of the code may be punished under either of such provisions, but in no case can it be *punished* under more than one, . . ." (italics added), does not apply where commitment is in accordance with the provisions of section 1731.5 of the Welfare and Institutions Code.[5] We do not suppose that defendant is receiving two concurrent "treatments" or that, if he is, he is in a position to object.

The judgment is affirmed.

Kaus, P. J., and Reppy, J., concurred.

[4]Welfare and Institutions Code, section 1700 provides: "The purpose of this chapter is to protect society more effectively by substituting for retributive punishment methods of training and treatment directed toward the correction and rehabilitation of young persons found guilty of public offenses. To this end it is the intent of the Legislature that the chapter be liberally interpreted in conformity with its declared purpose."

[5]Welfare and Institutions Code, section 1731.5 provides:

"After certification to the Governor as provided in this article a court may refer to the authority any person convicted of a public offense who comes within all of the following description:

" (a) Is found to be less than 21 years of age at the time of apprehension;

" (b) Is not sentenced to death, imprisonment for life, imprisonment for 90 days or less, or the payment of a fine, or after having been directed to pay a fine, defaults in the payment thereof, and is subject to imprisonment for more than 90 days under the judgment;

" (c) Is not granted probation.

"If the authority believes that any person referred to it as provided in this section can be materially benefited by the procedure and discipline of the authority, and that proper and adequate facilities exist for the care of such person, it shall so certify to the court. The court shall thereupon commit said person to the authority."