[Crim. No. 23751. Second Dist., Div. Five. Sept. 26, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
STANLEY REX BARSTOW, Defendant and Appellant.

COUNSEL

Stanton L. Stein, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Frederick R. Millar, Jr., and William R. Weisman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

ASHBY, J.—Following a jury trial appellant was convicted in two counts of violating Penal Code section 451a[1] and Penal Code section 12303.3.[2] The evidence showed that in the early morning hours of February 12, 1973, appellant had an argument with Mr. Irwin Blickenstaff. Appellant stated: " 'I am going to get you' " or " '[y]ou old gray-headed son of a bitch. I will go home and get my .38 and come back and kill you.' " Shortly

---

[1]Penal Code section 451a reads in pertinent part: "Any person who willfully and maliciously attempts to set fire to or attempts to burn or to aid, counsel or procure the burning of any of the buildings or property mentioned in the foregoing sections, or who commits any act preliminary thereto, or in furtherance thereof, is guilty of a felony."

[2]Penal Code section 12303.3 reads: "Every person who possesses, explodes, ignites, or attempts to explode or ignite any destructive device or any explosive with intent to injure, intimidate, or terrify any person, or with intent to wrongfully injure or destroy any property, is guilty of a felony, and shall be punished by imprisonment in the state prison for a period of not less than five years."

thereafter appellant, who lived just up the street from Blickenstaff, returned and threw a lighted "Molotov cocktail" under Blickenstaff's automobile, a 1969 Chevrolet El Camino pickup worth $2,000. A fire erupted underneath the car but it was extinguished, apparently because of rain, by the time the fire department arrived. There was smoke damage to the automobile.

After the fire department left, appellant returned and smashed the window of the automobile with a hammer. A neighbor, Mrs. Sizemore, observed appellant throw the Molotov cocktail and smash the windshield, and appellant was arrested at his home shortly after the incidents. On the way to the police station appellant appeared to be very angry and spontaneously stated: " 'Someday, I am going to kill that old man' or '[s]omebody is going to kill that old man.' "

The only contentions raised on this appeal concern the sentence received by appellant. As to count I, the violation of Penal Code section 451a, the court committed appellant to the Youth Authority for the term prescribed by law. As to count II, the violation of Penal Code section 12303.3, the court sentenced appellant to be imprisoned in the state prison for the term prescribed by law but provided that: "Sentence is stayed pending appeal and pending execution and service of the sentence in Count 1."

As to count I appellant contends that the sentence provided in the Penal Code for violation of section 451a violates the cruel or unusual punishment and equal protection clauses of the California Constitution. We find that this issue is not appropriately presented by the facts of this case and therefore we decline to decide it. As to count II respondent concedes appellant's contention that the stay of execution was intended to be made permanent to comply with Penal Code section 654. We modify the judgment accordingly.

PUNISHMENT FOR VIOLATION OF
PENAL CODE SECTION 451a

Penal Code section 451a provides that "[a]ny person who willfully and maliciously attempts to set fire to or attempts to burn . . . any . . . property mentioned in the foregoing sections, or who commits any act preliminary thereto, or in furtherance thereof, is guilty of a felony. . . ." This section is unusual because it is one of the very few provisions of the Penal Code which prohibits the attempt to commit a specific crime. (See

2 Witkin, Cal. Crimes (1963) § 1047, pp. 991-992.) Most attempts are prosecuted under Penal Code section 664.

Formerly Penal Code section 451a provided that a person in violation thereof shall be "sentenced to the penitentiary for not less than one nor more than two years or fined not to exceed one thousand dollars."[3] But in 1966 the Legislature deleted this language and substituted the present provision that a person in violation thereof "is guilty of a felony."[4]

The briefs argue the following issue: Since section 451a no longer specifies the term of imprisonment for its violation, how is such term determined? The parties direct us to no case squarely deciding the issue, nor have we found one.

Is the maximum term for violation of section 451a governed by Penal Code section 18, which provides, "Except in cases where a different punishment is prescribed by any law of this State, every offense declared to be a felony is punishable by imprisonment in any of the state prisons, not exceeding five years; . . ."?

Or, since violation of section 451a is in the nature of an attempt, is the term of imprisonment governed instead by Penal Code section 664?[5]

---

[3]Statutes 1929, chapter 25, page 47, section 5.

[4]Statutes 1966, First Extra Session, chapter 58, page 442, section 2.

[5]Penal Code section 664 provides as follows: "Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts as follows:

"1. If the offense so attempted is punishable by imprisonment in the state prison for five years, or more, or by imprisonment in a county jail, the person guilty of such attempt is punishable by imprisonment in the state prison, or in a county jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction of the offense so attempted; provided, however, that if the crime attempted is one in which there is no maximum sentence set by law or in which the maximum sentence is life imprisonment or death the person guilty of such attempt shall be punishable by imprisonment in the state prison for a term of not more than 20 years.

"2. If the offense so attempted is punishable by imprisonment in the state prison for any term less than five years, the person guilty of such attempt is punishable by imprisonment in the county jail for not more than one year.

"3. If the offense so attempted is punishable by a fine, the offender convicted of such attempt is punishable by a fine not exceeding one-half the largest fine which may be imposed upon a conviction of the offense so attempted.

"4. If the offense so attempted is punishable by imprisonment and by a fine, the offender convicted of such attempt may be punished by both imprisonment and fine, not exceeding one-half the longest term of imprisonment and one-half the largest fine which may be imposed upon a conviction of the offense so attempted."

The People contend that section 18 applies, because violation of section 451a is itself a completed felony, for which no specific punishment is prescribed. Appellant contends that section 451a merely describes an attempt to violate one of "the foregoing sections" mentioned in section 451a, and that the term of imprisonment is calculated by applying section 664 to the punishment for the offense which was attempted.

Appellant contends that on the facts of the instant case the offense which was attempted is the burning of personal property mentioned in Penal Code section 449a.[6] Since section 449a provides a punishment of imprisonment in the state prison for one to three years, appellant argues that the applicable punishment under subdivision 2 of section 664[7] is imprisonment in the county jail for not more than one year.

Appellant argues that to punish a person convicted of violating section 451a on these facts by calculating the term under section 18 rather than sections 664 and 449a would lead to the anomalous result that the maximum punishment for the attempt (five years) would be greater than the maximum punishment for the completed crime (three years). Such a result, he contends, is arbitrary, irrational, and so grossly disproportionate as to violate the cruel or unusual punishment and equal protection clauses of the California Constitution.[8]

On the other hand, the result suggested by appellant is also anomalous, because to make the crime punishable by imprisonment for one year in the county jail would be inconsistent with the express declaration in section 451a that its violation constitutes a felony.

---

[6]Penal Code section 449a provides as follows: "Any person who willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of any barrack, cock, crib, rick or stack of hay, corn, wheat, oats, barley or other grain or vegetable product of any kind; or any field of standing hay or grain of any kind; or any pile of coal, wood or other fuel; or any pile of planks, boards, posts, rails or other lumber; or any streetcar, railway car, ship, boat or other watercraft, *automobile or other motor vehicle;* or any personal property not herein specifically named except a trailer coach, as defined in Section 635 of the Vehicle Code; (such property being of the value of twenty-five dollars ($25) and the property of another person) shall upon conviction thereof, be sentenced to the penitentiary for not less than one nor more than three years." (Italics added.)

[7]See footnote 5, *supra.*

[8]We observe, however, that a five-year maximum term under section 18 would not be greater than the term under section 664 with regard to attempts to violate other "foregoing sections" mentioned in section 451a. Violations of Penal Code sections 447a and 448a are punishable by imprisonment for two to twenty years. Violations of Penal Code sections 449b and 449c are punishable by imprisonment for one to ten years. See Penal Code section 664, subdivision 1, in footnote 5, *supra.*

The question posed by the parties is an interesting one, but we need not decide it. Appellant's arguments concerning Penal Code section 18 are irrelevant to his own case, because he was not sentenced pursuant to that provision. At the request of appellant's trial counsel and on the recommendation of the probation officer, the trial court, having found that appellant was 20 years of age at the time of apprehension for the crime, committed appellant to the Youth Authority on count I, pursuant to Welfare and Institutions Code section 1731.5.[9] Appellant did not receive a sentence of imprisonment in the state prison. (*In re Keller*, 232 Cal.App.2d 520, 526 [42 Cal.Rptr. 921].)

As appellant's trial counsel was aware, appellant's period of custody in the Youth Authority is not governed by Penal Code section 18, but by Welfare and Institutions Code sections 1765[10] and 1771.[11] (*In re Keller, supra; People* v. *Smith*, 5 Cal.3d 313, 316, 317 [96 Cal.Rptr. 13, 486 P.2d 1213]; *In re Pfeiffer*, 264 Cal.App.2d 470, 475 [70 Cal.Rptr. 831].) Thus appellant's argument as to Penal Code section 18 is beside the point. (*People* v. *Perez*, 239 Cal.App.2d 1, 7 [48 Cal.Rptr. 596]; *People* v. *Winning*, 191 Cal.App.2d 763, 768 [12 Cal.Rptr. 885].) ▆ The commitment of appellant for the period specified by the Youth Authority Act does not constitute cruel or unusual punishment or deny him equal pro-

---

[9]Welfare and Institutions Code section 1731.5 reads: "After certification to the Governor as provided in this article a court may commit to the authority any person convicted of a public offense who comes within subdivisions (a), (b), and (c), or subdivisions (a), (b), and (d), below:

"(a) Is found to be less than 21 years of age at the time of apprehension.

"(b) Is not sentenced to death, imprisonment for life, imprisonment for 90 days or less, or the payment of a fine, or after having been directed to pay a fine, defaults in the payment thereof, and is subject to imprisonment for more than 90 days under the judgment.

"(c) Is not granted probation.

"(d) Was granted probation and probation is revoked and terminated.

"The Youth Authority shall accept a person committed to it pursuant to this article if it believes that the person can be materially benefited by its reformatory and educational discipline, and if it has adequate facilities to provide such care."

[10]Welfare and Institutions Code section 1765 reads: "(a) Except as otherwise provided in this chapter, the Authority shall keep under continued study a person in its control and shall retain him, subject to the limitations of this chapter, under supervision and control so long as in its judgment such control is necessary for the protection of the public.

"(b) The Authority shall discharge such person as soon as in its opinion there is reasonable probability that he can be given full liberty without danger to the public."

[11]Welfare and Institutions Code section 1771 reads: "Every person convicted of a felony and committed to the authority shall be discharged when such person reaches his 25th birthday, unless an order for further detention has been made by the committing court pursuant to Article 6 (commencing with Section 1800) or unless a petition is filed under Article 5 of this chapter. In the event such a petition under Article 5 is filed, the authority shall retain control until the final disposition of the proceeding under Article 5."

tection of the laws. (*People* v. *Smith, supra* at p. 317; *In re Herrera,* 23 Cal.2d 206, 213-214 [143 P.2d 345]; see also *In re Gary W.,* 5 Cal.3d 296, 301-302 [96 Cal.Rptr. 1, 486 P.2d 1201].)

## DOUBLE PUNISHMENT

■ Respondent concedes appellant's contentions that the stay of execution on count II was intended to avoid the prohibition against double punishment in Penal Code section 654 and that in order to accomplish this result the stay was intended to be made permanent.[12] We modify the judgment accordingly.[13]

## CONCLUSION

The judgment as to count II is modified by adding the words: "such stay to become permanent when service of sentence as to Count 1 is completed" following the provision that "Sentence is stayed pending appeal and pending execution and service of the sentence in Count 1." In all other respects the judgment is affirmed.

Kaus, P. J., and Stephens, J., concurred.

[12]In *People* v. *Hernandez,* 242 Cal.App.2d 351, 354 [51 Cal.Rptr. 385], the trial court stayed sentence on one count " 'pending further order of the Court.' " The appellate court stated that this form of order would be inadequate to prevent a violation of Penal Code section 654. It said: ". . . Pertinent to this position is the decision in *People* v. *Niles,* 227 Cal.App.2d 749, 752, 755-756 [39 Cal.Rptr. 11], where it was held that double punishment under a judgment imposing multiple sentences was avoided by a concurrent stay of execution of the sentence for the lesser offense pending appeal and a proviso that the stay would become permanent when the sentence on the greater offense was completed. In the case at bench, however, the possibility of double punishment under the judgment is not avoided by the instant stay of execution, which was not permanent, but temporary; was subject to termination at any time; and upon termination would leave the judgment effective as to all of the sentences imposed. . . ." (*Id.* at pp. 359-360; fn. omitted.)

[13]The instant case is distinguishable from *People* v. *Wheeler,* 271 Cal.App.2d 205, 209 [76 Cal.Rptr. 842], *People* v. *Stevenson,* 275 Cal.App.2d 645, 650-653 [80 Cal. Rptr. 392], cert. den. 397 U.S. 1014 [25 L.Ed.2d 428, 90 S.Ct. 1247], and *People* v. *Mack,* 2 Cal.App.3d 724, 729-730 [82 Cal.Rptr. 771], holding that the double punishment provision of Penal Code section 654 is not applicable to a commitment to the Youth Authority under Welfare and Institutions Code section 1731.5 because such commitment is not "punishment" (Welf. & Inst. Code, § 1700). In those cases the defendant was committed to the Youth Authority on *all* of the counts in question. Under those circumstances we said: "We do not suppose that defendant is receiving two concurrent 'treatments' or that, if he is, he is in a position to object." (*People* v. *Wheeler, supra.*)

In the instant case, however, appellant was committed to the Youth Authority on count I but sentenced to be imprisoned in the state prison on count II, with the sentence on count II stayed. In these circumstances appellant may properly complain that without a provision for a permanent stay he could theoretically be sent to the state prison on count II after service of sentence on count I.