[No. B044383. Second Dist., Div. Five. Dec. 10, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
GEORGE VALLEJO, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

David D. Carico, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, Susan D. Martynec and Sharlene A. Honnaka, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ASHBY, Acting P. J.—By jury trial appellant George Vallejo was convicted of one count of grand theft auto and one count of hit-and-run driving. (Pen. Code, former § 487, subd. 3; Veh. Code, § 20002, subd. (a).) By nonjury trial he was found to have served three prior prison terms. (Pen. Code, § 667.5, subd. (b).) He was sentenced to state prison for an upper term of three years for grand theft auto and a concurrent term of one hundred eighty days for hit-and-run driving, plus three years for the prior prison terms, for a total of six years.

He appeals, contending (1) the trial court improperly denied him an evidentiary hearing on his motion to strike the prior convictions on constitutional grounds; and (2) the concurrent sentence for hit-and-run driving violates Penal Code section 654. Finding no merit to these contentions we affirm. When appellant failed to produce transcripts of the prior plea proceedings, the court was not required to consider appellant's offer of testimony as a substitute for transcripts. (Pts. I and III, certified for publication.) Appellant's leaving the scene of an accident involved an independent criminal objective. (Pt. II, not for publication.)

## I

## Prior Convictions

Appellant represented himself. Trial of the three alleged prior prison terms was bifurcated at appellant's request until after the verdict on the underlying charges. After the jury verdict, appellant was granted a one-week continuance for nonjury trial on the priors.

At the commencement of the continued hearing, appellant moved to strike the priors on the ground that at the time of the prior convictions by guilty plea he was not properly advised of his rights as required by *Boykin-Tahl*.[1]

Appellant requested a continuance to obtain transcripts of his prior pleas. The court denied this request as untimely. Although appellant contended he had previously requested transcripts and had not been provided them, the record does not support this claim. The court was never previously apprised of any request by appellant for transcripts; the prosecutor denied he had ever been requested to provide transcripts; and there was no such request in appellant's pretrial discovery motion.

Appellant then offered to take the stand and testify as to the advisement of rights he had received in the three prior cases. The court denied this request.

The prosecution presented Department of Corrections documents on the priors, which the court found to be true.

 Appellant contends the court improperly denied him an evidentiary hearing on his motion to strike the priors. Appellant contends he was entitled to such a hearing by *People* v. *Sumstine* (1984) 36 Cal.3d 909 [206 Cal.Rptr. 707, 687 P.2d 904]. There is no merit to this contention.

Through his own dilatory conduct while representing himself, appellant failed to obtain the evidence which was his burden to produce at the trial on the priors. The court was not required to grant a continuance to give appellant more time to obtain transcripts of his prior pleas. The grant or denial of a continuance is addressed to the sound discretion of the trial court, which will not be disturbed on appeal absent a manifest abuse of discretion. (*People* v. *Bethea* (1971) 18 Cal.App.3d 930, 936-937 [96 Cal.Rptr. 229] [no abuse of discretion to deny two-week continuance to investigate trustworthiness of court docket sheet].) As indicated,

---

[1] *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].

nothing in the record supported appellant's claim that he had previously requested these transcripts.

■ The prosecution introduced certified copies of Department of Corrections records establishing the convictions and prison terms. The prior convictions are presumed valid, and the burden of proof is on the defendant to establish their constitutional invalidity. (*Curl* v. *Superior Court* (1990) 51 Cal.3d 1292, 1303 [276 Cal.Rptr. 49, 801 P.2d 292]; *People* v. *Coffey* (1967) 67 Cal.2d 204, 217 [60 Cal.Rptr. 457, 430 P.2d 15].)

■ After *Boykin-Tahl*, courts were required to place the advice and waiver of *Boykin-Tahl* rights on the record. The purpose of requiring the advice to be on the record is not only to assure that a plea is intelligently made, but also to provide a complete record to facilitate any postconviction attack on the plea. (*Boykin* v. *Alabama, supra*, 395 U.S. at p. 244 [23 L.Ed.2d at p. 280]; *People* v. *Gallegos* (1971) 4 Cal.3d 242, 247 [93 Cal.Rptr. 229, 481 P.2d 237]; *People* v. *Sumstine, supra*, 36 Cal.3d at pp. 919, fn. 6, 921-922.) "By requiring that the plea bargain be placed on the record, we facilitate the prompt and accurate disposition of such appeals or collateral attacks. 'Such records are not readily impeached and constitute firm evidence long after the recollections of all parties involved in a case have dimmed.' [Citation.] In most cases an examination of the record will reveal the truth or falsity of the petitioner's allegations . . . ." (*People* v. *West* (1970) 3 Cal.3d 595, 611 [91 Cal.Rptr. 385, 477 P.2d 409], fn. omitted.) "At stake is the protection of both the accused and the People, the latter by the assurance that an otherwise sound conviction will not fall due to an inadequate record." (*In re Tahl, supra*, 1 Cal.3d at p. 132.)

■ The court was not required to hear appellant's substitute evidence when appellant failed to produce a proper record for review. So far as the record shows, this is not a case where transcripts were unavailable because the reporter's notes had been destroyed. (Cf. *People* v. *Sumstine, supra*, 36 Cal.3d at p. 921.) They were merely unavailable to appellant because he had not timely and diligently obtained them.

## II

### PENAL CODE SECTION 654*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 760.

### III

The judgment is affirmed.

Boren, J., and Grignon, J., concurred.