[No. D014732. Fourth Dist., Div. One. June 4, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
HANIF SALADIN ABDULLAH, Defendant and Appellant.

**COUNSEL**

Susan Cardine, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Pat Zaharopoulos and Keith I. Motley, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

NARES, J.—Hanif Saladin Abdullah (Abdullah) appeals, following his plea of guilty to receiving stolen property in violation of Penal Code section 496.[1] Abdullah challenges two aspects of his sentencing, asserting (1) he is entitled to section 2933 credits for his time spent at the California Rehabilitation Center (CRC) before his exclusion therefrom, and (2) the trial court failed to consider the option of commitment to federal custody under section 1170.9 for Abdullah, a Vietnam veteran. We reject these contentions of error, and affirm the judgment.

### BACKGROUND

By complaint filed October 23, 1990, Abdullah was charged with receiving stolen property in violation of section 496, and it was also alleged pursuant to section 667.5, subdivision (b) that he had served a prison term on a previous conviction for residential burglary, and had not been free from custody for five years.

In municipal court on November 2, 1990, Abdullah entered a plea of guilty to the section 496 charge on condition the section 667.5, subdivision (b) enhancing allegation be struck. Abdullah asked that a sentence pursuant to section 1170.9[2] be ordered if possible, and was informed also that a commitment to CRC was possible. After accepting the plea, the court directed the probation department to investigate the possibility Abdullah could receive a sentence pursuant to section 1170.9.

At sentencing on November 30, 1990, the court told Abdullah a section 1170.9 commitment was not possible, imposed the middle term of two years for the section 496 conviction, and suspended criminal proceedings for an examination to determine if Abdullah was a drug addict or in imminent danger of becoming such.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] Section 1170.9, enacted in 1982, provides: "In the case of any person convicted of a felony who would otherwise be sentenced to state prison the court shall consider whether the defendant was a member of the military forces of the United States who served in combat in Vietnam and who suffers from substance abuse or psychological problems as a result of that service. If the court concludes that the defendant is such a person, *the court may order the defendant committed to the custody of federal correctional officials for incarceration* for a term equivalent to that which the defendant would have served in state prison. *The court may make such a commitment only if* the defendant agrees to such a commitment, *the court has determined that appropriate federal programs exist, and federal law authorizes the receipt of the defendant under such conditions.*" (Italics added.)

After finding Abdullah was an addict, on December 12, 1990, he was ordered committed to CRC. On May 28, 1991, an order was made, directing Abdullah be returned for imposition of sentence, following Abdullah's exclusion from CRC because of his history of excessive criminality.

On June 21, 1991, the court imposed the two-year sentence earlier ordered. Abdullah's request he be granted credits under section 2933 for the CRC time on a "one for one," rather than a "two for one" basis was denied. Timely notice of appeal was thereafter filed.

DISCUSSION

### I. *Section 2933 Credits for Time at CRC*

■ Abdullah first asserts that he should have been granted "worktime" credits under section 2933[3] for the five-month period that he spent at CRC prior to his exclusion therefrom, during which time Abdullah worked eight hours a day regularly, and received high marks from his supervisors. He relies upon *In re Mabie* (1984) 159 Cal.App.3d 301 [205 Cal.Rptr. 528] for the proposition that while these credits are not available to those persons who are accepted by CRC, because he was excluded from CRC, they should be available to him.

In the cited decision, Division Two of this court resolved the question of whether equal protection required providing CRC committees, as well as state prison inmates, with "worktime" credits pursuant to section 2933. The court rejected Mabie's claim, finding "a compelling justification for limiting section 2933 worktime credits to state prison inmates." (*In re Mabie, supra,* 159 Cal.App.3d at p. 308.) Abdullah now argues these and other decisions "though not directly on point, indicated that appellant should have been awarded the credits because of his right to equal protection under the law." Not so.

Abdullah attempts to distinguish the holding in *Mabie* from his situation because Abdullah was excluded from CRC. The distinction cannot be supported. ■ With respect to equal protection challenges, "unless a

---

[3]Section 2933, subdivision (a) provides in pertinent part: "It is the intent of the Legislature that persons *convicted of a crime and sentenced to state prison,* under Section 1170, serve the entire sentence imposed by the court, except for a reduction in the time served in the custody of the Director of Corrections for performance in work, training or education programs established by the Director of Corrections." (Italics added.)

statute impairs fundamental rights or involves an inherently suspect classification, 'legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest.' [Citations.]" (*Del Monte* v. *Wilson* (1992) 1 Cal.4th 1009, 1014 [4 Cal.Rptr. 2d 826, 824 P.2d 632].)

 Whatever the length of time actually served at CRC, the distinction between those receiving punishment by incarceration in state prison upon conviction of a crime and those receiving treatment and rehabilitation for narcotics addiction at CRC is "rationally related to a legitimate state interest" and thus justifies the denial of worktime credits to Abdullah. Abdullah was not at any time prior to June 21, 1991, a person "sentenced to state prison" within the meaning of section 2933, and thus its provisions are not applicable to the period he spent at CRC prior to sentencing. Insofar as Abdullah relies on reasoning by analogy to other cases involving CRC commitments, those cases are not controlling. There was no error here.

## II. *Section 1170.9 Placement as a Vietnam Combat Veteran*

 Abdullah next argues the trial court failed to consider the option of federal custody for him, instead of a commitment to state prison, because of (1) his status as a Vietnam combat veteran, and (2) his psychological and narcotics problems, which are asserted to have been occasioned by his service in Vietnam. We find this argument to be without foundation insofar as there is asserted any abuse of discretion by the trial judge.

 This court has recognized "the strong legislative concern for narcotic addicts whose drug dependence or other severe psychological malfunctions relate to combat stress incurred by the unique military and social pressures imposed on our service personnel as a result of Vietnam service is evident on the face of the statute. Providing these persons with a specialized federal treatment program while they serve their prison terms permits specialized analysis and care in a setting specifically designed to maximize the benefits of treatment by professionals trained to cure drug dependency and other problems by treating their underlying cause, the emotional trauma of Vietnam combat service." (*People* v. *Ruby* (1988) 204 Cal.App.3d 462, 468 [251 Cal.Rptr. 339].)

■ As another court has recognized, "the language of section 1170.9 is mandatory rather than permissive. While the statute does not require the sentencing judge to *choose* federal incarceration for convicted Vietnam veterans, it does state that the judge '*shall consider*' whether the defendant meets the requirements for eligibility under that section." (*People* v. *Bruhn* (1989) 210 Cal.App.3d 1195, 1199 [259 Cal.Rptr. 6], italics in original.) However beneficent the purpose, the reality facing Vietnam combat veterans suffering "substance abuse or psychological problems resulting from that service" remains harsh.

In this case, the probation officer's report noted that Abdullah "did not mount a defense in this case but rather pled early, with the intention that he might be committed to a Federal facility, which currently have the best drug programs around. [Abdullah] felt he would qualify for this program pursuant to Section 1170.9 of the Penal Code which allows federal custody for Vietnam veterans in lieu of state prison." The report goes on to state that when the Western Regional Office of the Federal Bureau of Prisons was contacted, however, it was discovered that section 1170.9 was "an unenforceable law" because no programs or statutes exist providing for the receipt and custody of convicted state felons by federal authorities.

■ A condition of sentencing pursuant to section 1170.9 is, of course, "that the trial court shall make sure, before imposing sentence, that federal correctional authorities are ready, willing, and able to receive defendant for service of his term of incarceration." (*People* v. *Lara* (1984) 155 Cal.App.3d 570, 575 [202 Cal.Rptr. 262].) Whether there is a possibility of such a custody choice depends on whether federal correctional authorities have the authority to receive persons such as Abdullah. In the absence of such authorization, section 1170.9 is a nullity, however well-intentioned. We must therefore determine the foundational question of whether "appropriate federal programs" exist.

■ In their brief in support of the judgment below, the People relied upon the representation in the cited probation officer's report "that there was no federal program available." We requested the Attorney General to provide the court with appropriate documentation in support of this assertion, and he has done so.[4] As is apparent from the response, insofar as section 1170.9's

---

[4]See materials in the appendix to this opinion, *post.*

laudable purpose has been frustrated by the lack of necessary implementing federal legislation, the statute is beneficent but meaningless. ■■■■ The possibility held out by the statute, of a federal rehabilitative commitment in lieu of a state prison commitment, is illusory.[5]

In the absence of any determination that section 1170.9 is illusory, appellate courts have responded to futile requests, such as the remands ordered in several cases where, as here, failure to consider a section 1170.9 placement is asserted. (*People* v. *Bruhn, supra,* 210 Cal.App.3d at pp. 1200-1201; *People* v. *Ruby, supra,* 204 Cal.App.3d at p. 469; *People* v. *Enriquez* (1984) 159 Cal.App.3d 1, 7 [205 Cal.Rptr. 238]; *People* v. *Galvan* (1984) 156 Cal.App.3d 144, 146-147 [202 Cal.Rptr. 594]; *People* v. *Lara, supra,* 155 Cal.App.3d at pp. 576-577.) Until such time as "federal law authorizes the receipt" into "appropriate federal programs" of Vietnam combat veterans convicted of a felony, which is not now possible,[6] there can be no abuse of

---

[5]Counsel for Abdullah has commendably furnished us a number of documents concerning community programs aimed at meliorating the same problems of Vietnam veterans which are purportedly addressed by section 1170.9, and has requested we take judicial notice thereof. The request is premised on counsel's assertion that section 1170.9 "concerns the placement of Vietnam veterans convicted of state crimes in 'appropriate federal programs' [and] [t]here is no indication in the statute that, in order to be a 'federal program', the program must be a part of the federal prison system." The premise is incorrect.

Section 1170.9 is addressed *only* to those Vietnam veterans "convicted of a felony who would otherwise be sentenced to state prison." The statute unequivocally states that as an alternative to commitment to state prison, "the court may order the defendant committed to the custody of federal correctional officials for incarceration for a term equivalent to that which the defendant would have served in state prison." (*Ibid.*) " 'When statutory language is thus clear and unambiguous there is no need for construction, and *courts should not indulge in it.*'" (*Delaney* v. *Superior Court* (1990) 50 Cal.3d 785, 800 [268 Cal.Rptr. 753, 789 P.2d 934], quoting *Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 P.2d 1148], italics in original.) Contrary to counsel's assertion, the specific statutory authority to commit to "federal correctional officials for incarceration" can*not* be interpreted to include commitment of those "who would otherwise be sentenced to state prison" (that is, those who would not receive probation) to local, noncustodial programs.

Insofar as courts have mentioned in passing the existence of noncustodial programs (see, e.g., *People* v. *Bruhn, supra,* 210 Cal.App.3d at p. 1200, fn. 3, citing *People* v. *Ruby, supra,* 204 Cal.App.3d at p. 467) it was not in the context of whether commitment to such programs would be lawful, and those cases are not authority for such a placement. The materials submitted by counsel are thus not relevant to our analysis, and the request for judicial notice thereof is denied.

[6]The necessity for companion federal legislation before section 1170.9 would be effective was recognized prior to *its* enactment as section 1170.8 by Statutes 1982, chapter 964, section 1, page 3466, renumbered as section 1170.9 by Statutes 1983, chapter 142, section 121, page 373. The Youth and Correctional Agency report to the Governor (Assem. Bill No. 2989 (1982-1983 Reg. Sess.) (Aug. 2, 1982)) noted: "The provisions of this bill are contingent

discretion by reason of a court's failure to consider a nonexistent sentencing option.

In accord with the purposes of section 1170.9, those Vietnam combat veterans suffering from substance abuse or psychological problems as a result of that service who are otherwise eligible for probation may and should be considered for placement, as a condition of probation, in local treatment programs which are designed to deal with their peculiar problems. Those Vietnam combat veterans who are ineligible for probation and who are therefore sentenced to state prison, however, must await (as they have since 1982) the enactment of appropriate federal legislation before the intended purpose of section 1170.9 may be achieved.

The question remains whether the illusory nature of the alternative purportedly offered by section 1170.9, which has not heretofore been judicially determined, was prejudicial in this case. It was not. Notwithstanding the fact Abdullah sought in this case to be sentenced pursuant to section 1170.9, which we know now was not possible, on this record there is no basis for reversal. While Abdullah hoped to be placed in federal custody, he was at no time informed this was more than a mere possibility, and at the time Abdullah entered his guilty plea herein he knew the court would request the probation officer to try to place him under section 1170.9, but that such placement was uncertain at best.

In these circumstances the illusory nature of the section 1170.9 option was unrelated to the decision to plead guilty. The trial court did everything possible to comply with its promise to Abdullah, and the fact the federal programs described in section 1170.9 do not exist means that the trial court's refusal to order such a placement, under the clear statutory language conditioning such placement on the existence of such programs, could not have been, and was not, error.

---

upon Federal law authorizing the receipt of such defendants." The Governor's Legal Affairs Secretary also observed that "[a]ccording to the Senate Judiciary Committee there is currently no federal authorization for receiving state inmates for treatment. The bill will therefore have no impact in the absence of parallel action by Congress." Thus, the legislative history of section 1170.9 makes it very clear the Legislature understood *at the time it was enacted* that the statute could have no effect unless and until the federal government also enacted enabling legislation, which has not been done.

## DISPOSITION

The judgment is affirmed.

Work, Acting P. J., and Froehlich, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 13, 1992.

APPENDIX

U.S. Department of Justice
Federal Bureau of Prisons

*Western Regional Office*

*Dublin, California 94568*

March 31, 1992

Keith Motley, Esq.
Supervising Deputy Attorney General
110 W. A Street Ste# 700
San Diego, CA 92101

RE: California Penal Code Section 1170.9:
 Alternative Commitment for Vietnam Veterans

Dear Mr. Motley:

The following is in response to your inquiry regarding the above-referenced subject matter.

California state inmates suffering from psychological problems resulting from service in Vietnam, have traditionally been denied Federal correctional placement. This denial has been based upon the fact that there is no Federal statute which authorizes the Federal Bureau of Prisons to house Vietnam Vets who are serving state sentences, and who seek alternative commitment with the F.B.O.P. under California Penal Code Section 1170.9.

If you should have any further questions concerning this matter, please do not hesitate to contact me at: (510) 803-4725.

Sincerely,

Andrea Dahlsten
Attorney Advisor

[EXHIBIT A]

DANIEL E. LUNGREN
Attorney General

State of California
DEPARTMENT OF JUSTICE

110 WEST A STREET, SUITE 700
SAN DIEGO, CA 92101
(619) 237-7351

April 7, 1992

Mr. Stephen Kelly, Clerk
Court of Appeal
Fourth Appellate District, Division One
750 B Street, Suite 500
San Diego, CA 92101

FILED
Stephen M Kelly, Clerk

APR 8 1992

Court of Appeal Fourth District

RE: Hanif Saladin Abdullah, D014732

Dear Mr. Kelly:

 The Court has requested that I inquire of the Federal Bureau
of Prisons whether programs exist within the Bureau for the
placement of state prisoners suffering from psychological
problems resulting from service in Vietnam. As the attached
letter (Exhibit A) indicates, no such programs exist. Since
federal law does not authorize the receipt of such inmates, Penal
Code section 1170.9 is, in effect, a nullity and trial courts
should not be required to consider such placement at time of
sentencing.

 Sincerely,

 DANIEL E. LUNGREN
 Attorney General

 KEITH I. MOTLEY
 Supervising Deputy Attorney General

cc: Susan Cardine
 Attorney at Law