[No. B074233. Second Dist., Div. Four. Apr. 25, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
SUBIR CHAKLADER, Defendant and Appellant.

COUNSEL

Rebecca Donaldson, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Marc. E. Turchin and James William Bilderback II, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**VOGEL (C. S.), Acting P. J.**—Appellant Subir Chaklader appeals (Pen. Code, § 1237, subd. (b)) from an order denying appellant's petition for a writ of error *coram nobis* to vacate a judgment resulting from his guilty plea to assault with a deadly weapon with infliction of great bodily injury. Appellant contends that his guilty plea was induced by a promise that his sentence would run concurrently with his sentence on a federal conviction for which he was on probation, a promise which was not kept because the federal court subsequently sentenced him consecutively to his California term. We conclude that the record of appellant's guilty plea shows to the contrary, that

appellant was aware the federal court could sentence him consecutively, and he voluntarily pleaded guilty. Therefore we affirm the trial court's order denying appellant's petition.

█ The writ of error *coram nobis* is an appropriate procedure for a postjudgment challenge to a guilty plea allegedly induced by mistake, fraud, or coercion. (*People v. Wadkins* (1965) 63 Cal.2d 110, 113 [45 Cal.Rptr. 173, 403 P.2d 429]; Appeals and Writs in Criminal Cases (Cont.Ed.Bar 1982) § 2.151, p. 372.) Appellant has alleged that his plea was induced by statements of the prosecutor and court that his sentence would be concurrent, which condition was unfulfilled when the federal court later sentenced him.[1] The fact that we disagree with appellant's interpretation of the statements does not necessarily mean appellant has chosen the wrong procedure to raise the issue. (*People v. Wadkins, supra,* 63 Cal.2d at pp. 114-115.)

### FACTUAL AND PROCEDURAL BACKGROUND

By information appellant was charged with assault with a deadly weapon and by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)) and with an enhancement for personally inflicting great bodily injury (Pen. Code, § 12022.7). The preliminary hearing evidence showed that on May 7, 1990, appellant stabbed the victim with a knife in the jaw, stomach, and thigh.

On June 27, 1990, appellant pleaded guilty and admitted the enhancement. At the time, appellant was on federal probation for his 1987 conviction in the United States District Court in Boston for fraud and mail fraud. The federal court had given him a five-year suspended sentence and placed him on probation. After his probation was transferred to the New York City area, appellant absconded from federal probation and came to California. At the time of appellant's California sentencing, federal authorities had placed a probation hold on him.

As discussed in more detail *post,* appellant was warned during the guilty plea proceedings that although the superior court was amenable to concurrent sentences and the serving of the California sentence in either a state or federal facility, it was up to the federal court whether appellant would serve the federal time consecutively. Appellant agreed to plead guilty and to a sentence of four years. The court sentenced appellant to a term of four years, consisting of an upper term for assault and a stayed three-year enhancement.

[1] Appellant's unverified petition also claimed that his counsel told appellant the sentences would be concurrent; appellant contends *coram nobis* is appropriate where the statements of the court and prosecutor gave "apparent substantial corroboration" to counsel's representations. (See *People v. Gilbert* (1944) 25 Cal.2d 422, 443 [154 P.2d 657].)

Shortly after being committed to state prison in 1990, appellant, with the cooperation of state prison authorities, commenced efforts to compel resolution of his federal probation status and to be transferred to federal custody. These efforts were largely unsuccessful, due to discretion of federal authorities in the timing of proceedings to revoke appellant's federal probation. According to appellant's *coram nobis* petition, appellant was not transferred to federal custody until May 21, 1992, shortly before his parole release date of June 13, 1992, on his California sentence. On June 2, 1992, the federal district court in Boston revoked appellant's federal probation and committed appellant to the Federal Bureau of Prisons for five years "to be served on and after the sentence imposed in California."[2]

Appellant filed in Los Angeles Superior Court a motion to vacate his judgment and sentence, which was denied on November 20, 1992. Appellant filed his petition for writ of error *coram nobis* on January 12, 1993, which was denied after being reviewed by the same judge who sentenced appellant. Appellant appeals from this order denying *coram nobis* relief.

### PLEA PROCEEDINGS

The record contains the reporter's transcript of the June 27, 1990, proceedings on appellant's guilty plea. Appellant was represented by Mr. Weiss; the People were represented by Mr. Wells. Upon the court's invitation to the People to "take the waivers and the pleas," the prosecutor advised appellant as follows:

"Mr. Wells: In information SA003277 you're charged with the crime of 245(a)(1) of the Penal Code, assault with a deadly weapon, specifically a knife. And also there's a special allegation which alleges that during the commission of that offense you with the specific intent to do so, committed a great bodily injury within the meaning of Penal Code section 12022.7. [¶] Your attorney, Mr. Weiss has indicated that based on our discussions and the court's discussions, that as to that charge and the enhancement section you're willing to change your plea to guilty with an agreement that you be sentenced to four years in the state prison. [¶] Do you understand that?

"The defendant Chaklader[:] Yes.

"Mr. Wells: I want you to understand that the maximum liability in this case if you were to go to trial is seven years in state prison. [¶] Is that clear?

---

[2]Because we reject appellant's underlying premise that he was promised his state sentence would be concurrent with his federal sentence upon revocation of probation, we need not consider the appropriate remedy for violation of a plea bargain where a defendant has already served his California sentence. Appellant suggests the judgment and sentence should be vacated and the charges dismissed, whereupon, he contends, the federal authorities would be required to give full credit on his federal sentence for time served on an invalid state sentence.

"The defendant Chaklader: Yes.

"Mr. Wells: *This court has also indicated* at the urging of the District Attorney's Office and the request of your attorney Mr. Weiss, *that this time as far as we're concerned, we the superior court, is that it may be served concurrent with any other federal case that you may have.* Meaning at the same time. [¶] Is that clear?

"*The defendant Chaklader: That's clear.*

"*Mr. Wells: But I want . . . to caution you, if the federal court decides to sentence you consecutive, that's up to them.* [¶] *Is that clear?*

"*The defendant Chaklader: Yes.*

"Mr. Wells: Also, if you are on probation or parole in any other matter a plea of guilty to this charge constitutes a violation of that status and Judge Perez is making no promises or recommendations with respect to any other case that may exist anywhere else. [¶] Is that clear?

"The defendant Chaklader: Yes.

"Mr. Wells: Other than what I've told you out of my mouth today on the record, have there been any other promises made to you of lesser sentence, probation, reward, immunity or anything else in order to have you change your plea to guilty?

"The defendant Chaklader: No.

"Mr. Wells: Is this the deal as you understand it, what you heard from me? [¶] Don't look at him, look at me. [¶] Is this the deal as you understand it?

"The defendant Chaklader: Yes." (Italics added.)

In pronouncing sentence the court stated, "This sentence may run concurrent with any time that you're doing currently in any state or federal custody and you may be housed in any [penal] institution to serve your time or any federal time that might be imposed in the future." The court's minute order stated, "Sentence may be served in any state or federal facility." The abstract of judgment stated, "This sentence is to run concurrent with any prior uncompleted sentences."

### DISCUSSION

Appellant points out that because of dual sovereignty, the Los Angeles Superior Court had no power to control the United States District Court's

sentencing discretion. (*United States* v. *Sackinger* (2d Cir. 1983) 704 F.2d 29, 32; see *Del Guzzi* v. *U.S.* (9th Cir. 1992) 980 F.2d 1269, 1270.) Even under California law, the choice between concurrent and consecutive sentences lies in the court which pronounces judgment second. (Pen. Code, § 669.)

■ Appellant contends that if he had been informed the superior court had no power to control consecutive sentencing, he would not have pleaded guilty. The transcript of the sentencing proceeding refutes this contention.[3] The purpose of the requirement that plea bargains be placed on the record is to facilitate review of postjudgment attacks on the plea. (*People* v. *West* (1970) 3 Cal.3d 595, 611 [91 Cal.Rptr. 385, 477 P.2d 409]; *People* v. *Vallejo* (1991) 1 Cal.App.4th 760, 764 [2 Cal.Rptr.2d 413].)

Nothing in the record of the plea reasonably suggested that the superior court could control the federal sentence. The court, through the prosecutor, explicitly warned appellant, "I want . . . to caution you, if the federal court decides to sentence you consecutive, that's up to them. [¶] Is that clear?" to which appellant responded "Yes." The court facilitated the possible concurrent sentences by agreeing that appellant's state sentence could be served in a federal institution, but did not suggest or promise that the federal court would agree.

In *Del Guzzi* v. *U.S.*, *supra*, 980 F.2d 1269, 1272, the defendant, the defense trial attorney, the trial prosecutor, and the trial court all believed that the federal authorities would honor a state court plea bargain that the state and federal sentences would be served concurrently. Federal authorities thereafter refused to accept custody of the defendant until his state sentence was completed. The Court of Appeals for the Ninth Circuit held the federal courts had no authority to credit the defendant on his federal sentence for the time he spent in state custody.

Judge Norris, concurring in the result, urged, "While Del Guzzi will get no relief from this court, I hope his case will serve as a lesson to those who are in a position to guard against future cases of this sort. State sentencing judges and defense attorneys in state proceedings should be put on notice. Federal prison officials are under no obligation to, and may well refuse to, follow the recommendation of state sentencing judges that a prisoner be

---

[3]There is no merit to appellant's suggestion that appellant had to be advised by the court personally, rather than through the prosecutor. Penal Code section 1192.5 requires only that the court "cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made . . . ." The court may do this through the well-established procedure of asking the prosecutor to take the waiver. (*People* v. *Wheeler* (1969) 271 Cal.App.2d 205, 207-208 [76 Cal.Rptr. 842].)

transported to a federal facility. Moreover, concurrent sentences imposed by state judges are nothing more than recommendations to federal officials. Those officials remain free to turn those concurrent sentences into consecutive sentences by refusing to accept the state prisoner until the completion of the state sentence and refusing to credit the time the prisoner spent in state custody. I hope that defense attorneys and state judges will from this point forward structure their plea agreements and sentencing orders in a manner which avoids the unintended and unjust result reached today." (980 F.2d at pp. 1272-1273.)

Here, by contrast, the trial court and prosecutor commendably made clear to appellant that there was no promise or guarantee the federal court would make the federal sentence concurrent. Having stated on the record that he understood the decision was up to the federal court, appellant agreed to plead guilty. Appellant reasonably had only a *hope* that his federal sentence would be concurrent with his state sentence. In the absence of *reasonable* reliance on the statements of responsible officials, as shown by this record, appellant was not entitled to *coram nobis* relief. (*People v. Wadkins, supra,* 63 Cal.2d 110, 115 [defendant may have read more into the alleged promise than was indicated]; *People v. Gilbert, supra,* 25 Cal.2d 422, 443 [defendant's reliance must be in good faith and without negligence on his part]; *People v. Abdullah* (1992) 6 Cal.App.4th 1728, 1737 [9 Cal.Rptr.2d 131] [defendant hoped to be placed in federal custody but at no time was informed this was more than a mere possibility]; *People v. Goodrum* (1991) 228 Cal.App.3d 397, 401 [279 Cal.Rptr. 120] [defendant must show that a reasonable person in his situation would have pleaded differently if more fully advised of consequences].) The evidence supports the trial court's denial of appellant's petition. (*People v. Devora* (1951) 105 Cal.App.2d 457, 462-463 [233 P.2d 653].)

## DISPOSITION

The order is affirmed.

Hastings, J., and Klein (Brett), J.,* concurred.

Appellant's petition for review by the Supreme Court was denied August 10, 1994.

---

*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.