[No. C041637. Third Dist. Oct. 15, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
CLYDE ELMO DUNCAN, Defendant and Appellant.

**COUNSEL**

Roberta Simon, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Matthew L. Cate and Jamie A. Scheidegger, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ROBIE, J.**—Defendant Clyde Elmo Duncan pled no contest to the gross vehicular manslaughter of James Hicks while intoxicated and admitted causing bodily injury to Chad Hembree. The remaining counts and allegations were dismissed. The court sentenced defendant to state prison for an aggregate term of 11 years. On appeal, defendant contends remand for resentencing is required because the record fails to reflect that the trial court

considered the alternative of federal incarceration for Vietnam veterans. (Pen. Code, § 1170.9 (hereafter section 1170.9).) We conclude remand is not required because defendant has failed to show that section 1170.9 presents anything other than a nonexistent sentencing option.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of defendant's offense are irrelevant. Suffice it to say that defendant, a Vietnam War veteran, drove while intoxicated and crashed his car, killing one of his passengers, and injuring another.

Following defendant's no contest plea, defense counsel submitted a written statement in mitigation and request for sentencing pursuant to section 1170.9.[1] Counsel argued that defendant had been "an alcoholic since shortly after returning from Vietnam" and that his "alcoholism is a direct consequence of the post-traumatic stress disorder (PTSD) which [he] incurred as a result of his service in Vietnam." Citing section 1170.9, defense counsel urged the court to commit defendant to a federal facility for treatment of his substance abuse and psychological problems resulting from combat service in Vietnam.

At sentencing, neither defense counsel, the prosecutor, nor the trial court mentioned defendant's request for sentencing under section 1170.9. Rejecting defendant's claim that his military service should be treated as a factor in mitigation, the court denied probation and imposed the upper term of 10 years for the offense, plus a one-year enhancement.

## DISCUSSION

Defendant contends that because the record fails to show that the trial court considered sentencing him under section 1170.9, the case must be remanded "for resentencing in a manner demonstrating an informed exercise of discretion." We disagree.[2]

---

[1] Section 1170.9 provides: "In the case of any person convicted of a felony who would otherwise be sentenced to state prison the court shall consider whether the defendant was a member of the military forces of the United States who served in combat in Vietnam and who suffers from substance abuse or psychological problems resulting from that service. If the court concludes that the defendant is such a person, the court may order the defendant committed to the custody of federal correctional officials for incarceration for a term equivalent to that which the defendant would have served in state prison. The court may make such a commitment only if the defendant agrees to such a commitment, the court has determined that appropriate federal programs exist, and federal law authorizes the receipt of the defendant under such conditions."

[2] Initially, the Attorney General argues that this issue is not cognizable on appeal because defendant's notice of appeal does not contain the statement required by California Rules of Court, rule 31(d) (hereafter rule 31(d)), that is, that the appeal is based solely upon grounds

Section 1170.9 purports to provide an "alternative to either probation or imprisonment in the case of Vietnam veterans convicted of a felony who might otherwise be committed to state prison. The court may, in an appropriate case, commit such a defendant for a time period equal to the prison term to a federal facility for treatment for substance abuse or psychological problems resulting from Vietnam combat service." (*People v. Bruhn* (1989) 210 Cal.App.3d 1195, 1198 [259 Cal.Rptr. 6].)

■ Five conditions must be satisfied before a defendant can be sentenced under section 1170.9:

1) The defendant must have been a member of the military forces of the United States who served in combat in Vietnam;

2) The defendant must suffer from substance abuse or psychological problems resulting from that service;

3) The defendant must agree to commitment to the custody of federal correctional officials for incarceration;

4) Appropriate federal programs must exist; and

5) *Federal law must authorize the receipt of the defendant.* It is this last condition which is dispositive in this case.

In *Bruhn*, the appellate court concluded "the trial court should affirmatively indicate an exercise of discretion under section 1170.9 wherever a prima facie showing of eligibility under that section has been made," that is, whenever the defendant has made "an initial showing that he served in combat while a member of the United States Armed Forces and that he suffers from substance abuse or other psychological problems resulting from that service." (*People v. Bruhn, supra*, 210 Cal.App.3d at pp. 1199–1200; see also *People v. Ruby* (1988) 204 Cal.App.3d 462, 467 [251 Cal.Rptr. 339]; *People v. Enriquez* (1984) 159 Cal.App.3d 1, 6–7 [205 Cal.Rptr. 238]; *People v. Amerson* (1984) 151 Cal.App.3d 165, 168 [198 Cal.Rptr. 678].)

In *People v. Abdullah* (1992) 6 Cal.App.4th 1728 [9 Cal.Rptr.2d 131], however, the appellate court determined that section 1170.9 "is beneficient

occurring after entry of the plea which do not challenge its validity. Defendant's notice of appeal states that the appeal is from "the judgment and sentence."

We reject defendant's argument that his notice of appeal is sufficient to comply with rule 31(d) because it includes the word "sentence." (Cf. *People v. Lloyd* (1998) 17 Cal.4th 658, 664–665 [72 Cal.Rptr.2d 224, 951 P.2d 1191] [notice of appeal from "sentence," rather than "judgment," which explicitly referenced rule 31(d), complied with rule].) Nevertheless, we grant defendant's unopposed request to amend his notice of appeal to comply with rule 31(d).

but meaningless" because of "the lack of necessary implementing federal legislation." (*Id.* at p. 1736.) The court relied on a letter dated March 31, 1992, from the Federal Bureau of Prisons, in which the bureau advised "there is no Federal statute which authorizes the Federal Bureau of Prisons to house Vietnam Vets who are serving state sentences, and who seek alternative commitment with the F.B.O.P. under California Penal Code section 1170.9." (*Id.* at p. 1739 [appendix].) The *Abdullah* court concluded: "Until such time as 'federal law authorizes the receipt' into 'appropriate federal programs' of Vietnam combat veterans convicted of a felony, which is not now possible, there can be no abuse of discretion by reason of a court's failure to consider a nonexistent sentencing option." (*Id.* at pp. 1736–1737, fn. omitted.)

■ Defendant has made no attempt to demonstrate that federal law has changed in the 11 years since *Abdullah* was decided and fails to point us to any federal law that would authorize his receipt into federal custody pursuant to section 1170.9. Thus, on the record before us, sentencing under that statute remains "a nonexistent sentencing option," and defendant has therefore failed to demonstrate any abuse of discretion by the trial court. (*People v. Abdullah, supra,* 6 Cal.App.4th at p. 1737.)

### DISPOSITION

The judgment is affirmed.

Scotland, P. J., and Raye, J., concurred.