[No. A042034. First Dist., Div. Two. May 24, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD ARTHUR BRUHN, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

COUNSEL

Joseph D. Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Stan M. Helfman and David H. Rose, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SMITH, J.—Defendant and appellant Richard Arthur Bruhn pled guilty to petit theft by a person with a prior conviction, a felony. (Pen. Code, §§ 666, 488.)[1] He also admitted a penalty enhancement allegation that he had suffered a previous conviction for receiving stolen property (§ 667.5, subd. (b).) He was sentenced to state prison for the midterm of two years on the theft, plus an additional consecutive year on the enhancement. On this appeal from the judgment, he claims the trial court failed adequately to consider sentencing him under section 1170.9, which permits the court to select an alternative federal custody commitment for treatment of convicted felons who suffer from problems related to combat service in Vietnam. We agree and will vacate the sentence.

### BACKGROUND

The facts of the underlying offense are not at issue. Appellant was apprehended by police after he shoplifted a VCR from a Thrifty Drug Store in

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

Ukiah. He admitted the theft and offered to help the officers locate the stolen property. However, this attempt was unsuccessful.

After the preliminary hearing, appellant pled guilty to all charges. The probation report noted that appellant served combat duty in Vietnam and had previously been involved in substance abuse. The court received letters from appellant and a longtime friend reciting the psychological effects which his Vietnam combat experience caused. Also included in the materials was a letter from United States Veterans' Service Officer Fred Hetzler stating that appellant "might be suffering from what is now recognized as common to many Vietnam veterans and is termed post traumatic stress disorder." The letter went on to state that the Veterans' Administration has a treatment center in Menlo Park for veterans suffering from this syndrome and that application had been made on appellant's behalf to enter this program.

Defense counsel filed a statement in mitigation which asserted that appellant's crime was substantially a product of his difficult readjustment to civilian life following his return from Vietnam, and noted that appellant had recently begun to seek out treatment for his problems from the Veterans' Administration.

The trial judge stated that he had read all of the materials submitted to him and, without further comment, sentenced appellant to state prison for the midterm of two years plus an additional year under section 667.5.

APPEAL

I

*Exercise of Discretion Under Section 1170.9*

Section 1170.9 offers the trial judge a meaningful alternative to either probation or imprisonment in the case of Vietnam veterans convicted of a felony who might otherwise be committed to state prison. The court may, in an appropriate case, commit such a defendant for a time period equal to the prison term to a federal facility for treatment for substance abuse or psychological problems resulting from Vietnam combat service. (See *People v. Galvan* (1984) 156 Cal.App.3d 144, 146 [202 Cal.Rptr. 594]; *People v. Lara* (1984) 155 Cal.App.3d 570, 574-575 [202 Cal.Rptr. 262].)[2]

---

[2] The full text of section 1170.9 reads: "In the case of any person convicted of a felony who would otherwise be sentenced to state prison the court shall consider whether the defendant was a member of the military forces of the United States who served in combat in Vietnam and who suffers from substance abuse or psychological problems resulting from that service. If the court concludes that the defendant is such a person, the court may order the defendant committed to the custody of federal correctional officials for incarceration for a term equivalent to that which the defendant would have served in state prison. The court may make such

■ Appellant claims that, having made a sufficient showing of his eligibility for sentencing under section 1170.9, the court erred in failing expressly to exercise its discretion in determining whether such placement was warranted. The Attorney General counters that "no case requires the threshold finding to be express" and that we should presume, in the absence of an indication to the contrary, that the trial court considered and rejected section 1170.9 as an alternative.

■ We start with the observation that the language of section 1170.9 is mandatory rather than permissive. While the statute does not require the sentencing judge to *choose* federal incarceration for convicted Vietnam veterans, it does state that the judge *"shall consider"* whether the defendant meets the requirements for eligibility under that section. Section 1170.9 evidences "strong legislative concern for narcotic addicts whose drug dependence or other severe psychological malfunctions relate to combat stress incurred by the unique military and social pressures imposed on our service personnel as a result of Vietnam service . . . ." (*People* v. *Ruby* (1988) 204 Cal.App.3d 462, 468 [251 Cal.Rptr. 359].)

In order to trigger the provisions of section 1170.9, the defendant must make an initial showing that he served in combat while a member of the United States Armed Forces and that he suffers from substance abuse or other psychological problems resulting from that service. Once that occurs, however, the trial court *must* then consider his suitability for federal incarceration for the term imposed. (*People* v. *Enriquez* (1984) 159 Cal.App.3d 1, 6 [205 Cal.Rptr. 238].)

Rule 405(f) of the California Rules of Court defines "sentence choice" as any disposition of the case not amounting to a dismissal, acquittal or grant of a new trial. ■ Intelligent appellate review requires that trial courts state their reasons for sentence choices on the record; and such review is impossible where no reasons are stated at all. (*People* v. *Lock* (1981) 30 Cal.3d 454, 459 [179 Cal.Rptr. 56, 637 P.2d 292].) "Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court." (*People* v. *Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8 [193 Cal.Rptr. 882, 667 P.2d 686], citing *United States* v. *Tucker* (1972) 404 U.S. 443, 447 [30 L.Ed.2d 592, 596, 92 S.Ct. 589].) ■ We believe it consistent with the Legislature's "strong concern emotionally affected Vietnam veterans be afforded every opportunity to get meaningful rehabilitative treatment in a facility specifically designed to deal with their unique and complex disorder" (*People* v. *Ruby, supra,* 204 Cal.App.3d at p. 468)

commitment only if the defendant agrees to such a commitment, the court has determined that appropriate federal programs exist, and federal law authorizes the receipt of the defendant under such conditions."

that the trial court should affirmatively indicate an exercise of discretion under section 1170.9 wherever a prima facie showing of eligibility under that section has been made. An intelligent exercise of discretion cannot be inferred from a silent record. (See *Ruby, supra,* at p. 469 [Woodworth, J., concurring].)

Appellant made a sufficient preliminary showing below that he was a candidate for alternative placement under section 1170.9. The record established that he had served combat duty in Vietnam where he used heroin and other drugs, was having difficulty functioning in society since his return to this country, and at the time of the offense was homeless and perpetrated the offense to secure the basic necessities of life. The court also received a letter from the veterans' service office confirming that appellant might be suffering from posttraumatic stress disorder and that steps to secure treatment for him were being taken. Despite these facts, and although section 1170.9 was obliquely mentioned at the hearing (see fn. 3, *post*), the trial court summarily sentenced appellant to state prison without indicating that federal commitment under the statute had been considered.

Since the record fails to show that the trial court considered the federal treatment program alternative set forth in section 1170.9, the cause must be remanded for a proper exercise of discretion. ██ ██ ██ ██ If, on resentencing, the court finds that appellant is a suitable candidate for alternative placement, it must determine whether appellant is agreeable to such a program and whether there is a federal facility authorized to accept him. (*People* v. *Ruby, supra,* 204 Cal.App.3d at pp. 467-468.)[3]

II*

·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·

DISPOSITION

The sentence is vacated and the cause is remanded to the trial court, which is directed to resentence appellant in a manner demonstrating an

---

[3] At one point in the hearing the prosecutor mentioned section 1170.9, and remarked that in a previous case, it turned out that there had been no program available to receive the defendant. If the trial court dismissed section 1170.9 as an option for appellant on the basis of this remark, it erred. "[S]ection 1170.9 envisions that the trial court *shall make sure, before imposing sentence, that federal correctional authorities are ready, willing, and able to receive defendant for service of his term of incarceration.*" (*People* v. *Lara, supra,* 155 Cal.App.3d 570, 575, fn. omitted, italics added.) Moreover, it appears that the Menlo Park facility referred to in the letter from the veterans' service office carried such a program. (See *People* v. *Ruby, supra,* 204 Cal.App.3d at p. 467.)

*See footnote, *ante*, page 1195.

informed exercise of discretion under section 1170.9. In all other respects, the judgment is affirmed.

Kline, P. J., and Benson, J., concurred.