Filed 7/14/15  P. v. Sanderson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# <u>COPY</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C076986 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF122494, CRF140163, CRF140188) |
| v. | |
| CARROLL MARC SANDERSON, | |
| Defendant and Appellant. | |

Defendant Carroll Marc Sanderson entered a no contest plea in two cases and admitted violating probation in a third case.  The trial court denied probation and sentenced him to an aggregate term of six years in state prison.

On appeal, defendant contends this matter must be remanded because the trial court failed to properly exercise its discretion with regard to his request for alternative

1

sentencing as a United States military combat veteran under Penal Code section 1170.9.[1] We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

*Case 1—Sutter County Case No. CRF122494*

Defendant was charged by amended information with receipt of stolen property (§ 496, subd. (a)—count 1), possession for sale of methamphetamine (Health & Saf. Code, § 11378—count 2), two counts of unlawfully removing items from a refuse container, an infraction (Yuba City Mun. Code, § 4-20.02—counts 3 and 4), and transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)—count 5). The information alleged defendant was not eligible to be sentenced to imprisonment in county jail. (§ 1170, subds. (h)(3), (f).)

Defendant entered a negotiated plea of no contest to the charge of transportation of methamphetamine (count 5) in exchange for no immediate state prison and dismissal of the remaining charges against him. The parties stipulated that defendant was not eligible for Proposition 36 drug treatment. (§ 2010.)

The trial court granted defendant three years of formal probation subject to terms and conditions including four days in county jail. The court dismissed the remaining charges and referred the matter to probation to determine defendant's eligibility for drug court.

The probation department recommended defendant not be allowed to participate in drug court due to his unwillingness to participate in that program, and his preference for a residential treatment program instead. The trial court dropped the matter from the drug court calendar and ordered that the probation terms and conditions previously imposed remain in full force and effect.

---

[1] Further undesignated statutory references are to the Penal Code.

The probation department filed a declaration recommending revocation of probation alleging defendant violated probation in case No. CRF122494 by failing to report to probation and providing a false address.

On the prosecution's subsequent motion, the trial court dismissed the recommendation for lack of evidence and reinstated probation subject to the original terms and conditions.

The probation department filed a second declaration recommending revocation of probation, alleging defendant violated probation in case number No. CRF122494 by virtue of his arrest for possession for sale of a controlled substance and possession of an instrument used for injecting or smoking a controlled substance.

*Case 2—Sutter County Case No. CRF140163*

Defendant was charged by amended information with possession for sale of methamphetamine (Health & Saf. Code, § 11378—count 1) and misdemeanor possession of an instrument used for injecting or smoking a controlled substance (Health & Saf. Code, § 11364.1—count 2). The information alleged that, as to count 1, defendant suffered a prior drug conviction within the meaning of Health and Safety Code section 11370.2, subdivision (a). The information further alleged defendant was not eligible to be sentenced to imprisonment in county jail. (§ 1170, subds. (h)(3), (f).)

*Case 3—Sutter County Case No. CRF140188*

Defendant was charged by information with carrying a concealed dirk or dagger (§ 21310—count 1) and misdemeanor possession of an instrument used for injecting or smoking a controlled substance (Health & Saf. Code, § 11364.1—count 2). The information alleged defendant was not eligible to be sentenced to imprisonment in county jail. (§ 1170, subds. (h)(3), (f).)

*Negotiated Pleas, Admissions and Sentencing*

Defendant entered negotiated pleas as follows: In case No. CRF140188, defendant pleaded no contest to carrying a concealed dirk or dagger (count 1); in case No.

3

CRF140163, defendant pleaded no contest to possession for sale of methamphetamine (count 1) and admitted the prior drug conviction allegation. Defendant admitted violating probation in case No. CRF122494.

Prior to sentencing, defendant filed a statement in mitigation and request for alternative sentencing under section 1170.9.

After considering the parties' arguments (both written and oral), the trial court denied probation and sentenced defendant to an aggregate term of six years in state prison, comprised as follows: In case No. CRF140163, the court imposed a term of six years (the upper term of three years, plus a three-year term for the prior conviction); in case No. CRF140188, the court imposed a concurrent term of three years (the upper term); and in case No. CRF122494, the court imposed a concurrent term of four years (the upper term).

Defendant filed a timely notice of appeal in all three cases.

## DISCUSSION

Defendant contends the trial court failed to make a formal determination of his suitability for probation and treatment as required by section 1170.9. Citing and relying entirely on *People v. Bruhn* (1989) 210 Cal.App.3d 1195 (*Bruhn*), he claims the trial court failed to request that the probation officer follow up on his section 1170.9 request, and failed to order an "evaluation by 'existing resources.' " The claim is without merit.

When *Bruhn* was decided in 1989, section 1170.9 read, "In the case of any person convicted of a felony who would otherwise be sentenced to state prison the court shall consider whether the defendant was a member of the military forces of the United States who served in combat in Vietnam and who suffers from substance abuse or psychological problems resulting from that service. If the court concludes that the defendant is such a person, the court may order the defendant committed to the custody of federal correctional officials for incarceration for a term equivalent to that which the defendant would have served in state prison. The court may make such a commitment only if the

4

defendant agrees to such a commitment, the court has determined that appropriate federal programs exist, and federal law authorizes the receipt of the defendant under such conditions." (Stats. 1983, ch. 142, § 121, p. 373.)

Based upon that iteration of the statute, the *Bruhn* court explained that, "[i]n order to trigger the provisions of section 1170.9, the defendant must make an initial showing that he served in combat while a member of the United States Armed Forces and that he suffers from substance abuse or other psychological problems resulting from that service. Once that occurs, however, the trial court *must* then consider his suitability for federal incarceration for the term imposed. (*People v. Enriquez* (1984) 159 Cal.App.3d 1, 6.)" (*Bruhn, supra*, 210 Cal.App.3d. at p. 1199.)

However, since *Bruhn*, section 1170.9 has been amended several times. In 2006, the statute was expanded to cover all combat veterans regardless of where or when they served. (Stats. 2006, ch. 788, § 1(d), (e), p. 6289.) In 2014, when defendant was sentenced, former subdivision (a) stated, "In the case of any person convicted of a criminal offense who could otherwise be sentenced to county jail or state prison and who alleges that he or she committed the offense as a result of sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems stemming from service in the United States military, *the court shall, prior to sentencing, make a determination as to whether the defendant was, or currently is, a member of the United States military and whether the defendant may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her service*. The court *may* request, through existing resources, an assessment to aid in that determination." (Stats. 2013, ch. 46, § 1(a), effective Jan. 1, 2014, italics added.) Former subdivision (b) of that section stated, "If the court concludes that a defendant convicted of a criminal offense is a person described in subdivision (a), *and if the defendant is otherwise eligible for probation and the court*

5

*places the defendant on probation*, the court may" order the defendant to participate in a treatment program. (Stats. 2013, ch. 46, § 1(b), effective Jan. 1, 2014, italics added.)**2**

We review a trial court's decision whether to grant or deny probation for abuse of discretion. (*People v. Superior Court* (*Du*) (1992) 5 Cal.App.4th 822, 831; *People v. Ferguson* (2011) 194 Cal.App.4th 1070, 1091 (*Ferguson*).)

Here, the trial court implicitly made the required determination. In support of his request for section 1170.9 consideration, defendant submitted a statement in mitigation and request alleging he was a member of the United States Marine Corps from 1986 until honorably discharged in 1994; served on military bases all over the world, including the "Saudi Arabia combat area"; became dependent on alcohol and methamphetamine during his period of service; remained dependent on alcohol and methamphetamine after discharge from the military; and "still abuses both [alcohol and methamphetamine] today." The request included a letter signed by 100 of defendant's friends attesting to his character; a newspaper article regarding the debut of the Veterans Treatment Court in Sacramento; the text of then-current section 1170.9; and a statement from the California Veterans Legal Task Force regarding the need for veterans' treatment courts.

In addition to the written request, defense counsel argued at sentencing that defendant "has a terrible drug problem" which he "acquired . . . during the Gulf War," and asked the court to sentence defendant in the manner suggested in the statement of mitigation. Defense counsel added, "I think there is nothing to lose at this point if [defendant] goes into that rehab down in Manteca, comes out of there whole we'll have a

---

**2** Section 1170.9, subdivision (b) currently states, in relevant part: "If the court concludes that a defendant convicted of a criminal offense is a person described in subdivision (a), and if the defendant is otherwise eligible for probation, the court shall consider the circumstances described in subdivision (a) as a factor in favor of granting probation." (Stats. 2014, ch. 163, § 1(b)(1), effective Jan. 1, 2015.)

participating member of society back with us instead of a person who is a drug disability addict."

The trial court concluded as follows: "So the prosecutor is objecting to the defendant being placed on probation and he is not probation eligible based on his prior convictions. Probation has indicated it does not appear to be an unusual case and the Court finds he's presumptively ineligible for probation. The DA objects and it's not an unusual case. Therefore, the Court is going to deny to the defendant reinstatement on probation as well as probation in the new cases." In so concluding, the court took into account the sentencing report and the parties' oral arguments, and twice confirmed having read and considered defendant's statement of mitigation and "paperwork."

Section 1170.9, former subdivision (a), does not prescribe the manner in which the trial court must "make a determination" regarding defendant's eligibility for commitment to a treatment program. In particular, the statute permits, but does not require, that the court "request, through existing resources, an assessment to aid in that determination." In light of the written and oral arguments made by defendant regarding section 1170.9 eligibility, and the court's express acknowledgment that it considered the arguments (both oral and written) of the parties, we presume the court regularly performed its duty in making the determination required by section 1170.9, subdivision (a). (Evid. Code § 664.)

Further, even assuming the trial court determined defendant was indeed a member of the United States military and might be suffering from one or more of the specified issues as a result of his military service, former subdivision (b) of section 1170.9 required that defendant be "otherwise eligible for probation" and that the court, in fact, "place[d] the defendant on probation" in order to prompt the court's exercise of discretion regarding participation in a treatment program. (Stats. 2013, ch. 46, § 1(b), effective Jan. 1, 2014.) In other words, "[a]lternative sentencing under section 1170.9 is not triggered unless the court actually decides to grant probation." (*Ferguson, supra*,

7

194 Cal.App.4th at p. 1093.) Here, the court did not grant probation, finding defendant presumptively ineligible based on his prior convictions (§ 1203, subd. (e)(4)), and agreeing with the probation department's assessment that his was not an unusual case under Rules of Court, rule 4.413. Section 1170.9, therefore, had no further application. Thus, there was no abuse of discretion.

## DISPOSITION

The judgment is affirmed.


   RENNER          , J.


We concur:


  BLEASE        , Acting P. J.


  MAURO        , J.