Filed 10/14/22 P. v. Ronquillo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C094581 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CF03128) |
| v. | |
| TOBY RONQUILLO, | |
| Defendant and Appellant. | |

Defendant Toby Ronquillo pleaded no contest to one count of continuous sexual abuse of a child, including at least three acts of substantial sexual conduct. The trial court imposed the 16-year upper term and ordered no contact with the victim. On appeal, defendant contends: (1) he is entitled to resentencing pursuant to Penal Code section 1170.91[1]; (2) he is entitled to resentencing given recent ameliorative legislative changes

---

[1] Undesignated statutory references are to the Penal Code.

in the law; and (3) the order barring him from contact with the victim was an unauthorized sentence. Reaching only defendant's first contention, we reverse and remand for resentencing.

## BACKGROUND[2]

Over the course of approximately three years, and while the victim—A.R.—was between ages 13 to 16, defendant engaged in a pattern of sexual abuse that included " 'grinding' " his genitals against A.R. while holding him, oral copulation, and sodomy. Based on this course of conduct, defendant was charged with one count of committing a lewd act on a child under 14 years old (§ 288, subd. (a)), one count of continuous sexual abuse of a child, including at least three acts of substantial sexual conduct (§ 288.5, subd. (a)), one count of oral copulation of a child under 14 years old and more than 10 years younger than defendant (§ 287, subd. (c)(1)), and one count of sodomy of a child under 14 years old and more than 10 years younger than defendant (§ 286, subd. (c)(1)). In 2021, defendant pleaded no contest to one count of continuous sexual abuse and the trial court dismissed the remaining counts with a *Harvey*[3] waiver.

At sentencing, the trial court ordered a section 288.1 forensic psychologist report due to the sexual nature of defendant's crimes. The report concluded defendant was a low risk to reoffend. Defendant argued that this conclusion was good cause to grant probation pursuant to section 1170.9. In support of his argument, defendant referred to the probation and forensic psychologist's reports which noted he served in the United States Army and sustained a traumatic brain injury during a parachuting accident. By the conclusion of his military service, defendant had been diagnosed with bipolar disorder, major depression, and posttraumatic stress disorder (PTSD). The probation report also

---

[2] The parties stipulated that the factual basis for the plea was the probation report.

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

noted defendant's substance abuse during his military service. During the forensic psychologist's examination, defendant stated he believed his military service caused his PTSD.

Because of his mental health conditions and military service, defendant argued imposition of the midterm was appropriate. The People argued the aggravating factors supported imposition of the upper term. Neither party mentioned section 1170.91.

In imposing sentence, the court considered defendant's military service, the reports from probation and the forensic psychologist, defendant's argument, a confidential attachment to the probation report, victim accounts, provisions of the Penal Code, and a treatise on sex crimes. The trial court acknowledged one factor in mitigation, defendant's criminal history was not extensive. Neither the court nor the probation report addressed service-related mitigating factors under section 1170.91. After finding two factors in aggravation, the trial court imposed the 16-year upper term for the continuous sexual abuse charge and ordered no contact with A.R. under section 1202.05.[4]

## DISCUSSION

Defendant contends he is entitled to resentencing pursuant to section 1170.91 because the court was obligated to consider his service-related PTSD, traumatic brain injury, and mental health disorders when imposing sentence. The People agree.

We review a trial court's sentencing decisions for an abuse of discretion to determine whether the court exercised its discretion " 'in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an "individualized consideration of the offense, the offender, and the public interest." ' " (*People v. Panozo* (2021) 59 Cal.App.5th 825, 837 (*Panozo*), quoting

---

[4] The court also imposed a no-contact order for 10 years pursuant to section 136.2, subdivision (i)(1) which is not challenged here.

*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) " 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) " 'A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' " (*Ibid.*)

Section 1170.91 requires that a court consider the resulting qualifying conditions from military service as mitigating factors when making discretionary sentencing choices. (§ 1170.91, subd. (a); *Panozo, supra,* 59 Cal.App.5th at p. 831.) The record must affirmatively show an exercise of discretion. (See *People v. Bruhn* (1989) 210 Cal.App.3d 1195, 1199-1200.) A trial court's adherence to section 1170.91 "cannot be inferred from an ambiguous record." (*Panozo*, at p. 837, fn. omitted.) To trigger the provisions of section 1170.91, a defendant must make a prima facie showing that he served in the United States Armed Forces and as a result of his service, suffers from a qualifying condition including sexual trauma, a traumatic brain injury, PTSD, or substance abuse. (§ 1170.91, subd. (a); *Panozo*, at p. 836; *Bruhn*, at p. 1199.)

Through the forensic psychologist's report and the probation report, defendant introduced evidence of his military service history and resulting mental health conditions and substance abuse. In addition, defendant argued that his service-related conditions justified imposition of the middle term. In sum, defendant created a record sufficient to trigger section 1170.91. There is no indication in the sentencing record that the trial court considered defendant's military service or the evidence in the probation and forensic psychologist's reports as mitigating factors under section 1170.91. During sentencing, neither defendant nor the People cited section 1170.91 and its requirement that the court consider qualifying service-related conditions as mitigating factors in sentencing. The probation report also does not identify any of defendant's service-related conditions as mitigating factors. Finally, the trial court did not identify section 1170.91 or defendant's

qualifying conditions as mitigating factors. While the trial court stated it read and considered the forensic psychologist's report and the probation report which both identified defendant's service-related conditions, the trial court concluded the sole mitigating factor was that his criminal history was not extensive. Despite defendant arguing that the qualifying conditions supported imposition of the middle term, the record does not affirmatively show that the trial court understood its obligation to consider defendant's service-related conditions as mitigating factors. Because we cannot conclude the trial court understood its discretion, we remand for resentencing. (*Panozo, supra,* 59 Cal.App.5th at p. 839.)

As we will remand for full resentencing (*People v. Buycks* (2018) 5 Cal.5th 857, 893), defendant may raise his remaining contentions in the trial court.

## DISPOSITION

The sentence is vacated. The matter is remanded for full resentencing consistent with section 1170.91 and any other ameliorative legislative changes in the law.

/s/
HOCH, J.

We concur:

/s/
MAURO, Acting P. J.

/s/
BOULWARE EURIE, J.

5