Filed 1/31/23  P. v. Bergstrom CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C094353 |
| Plaintiff and Respondent, | (Super. Ct. No. 20F929) |
| v. | |
| HAWK BLAZE BERGSTROM, | |
| Defendant and Appellant. | |

Defendant Hawk Blaze Bergstrom was driving under the influence of alcohol when he collided with the victim's car and killed her.  A jury found defendant guilty of second degree murder.  The trial court denied probation and sentenced defendant to 15 years to life in state prison.

On appeal, defendant argues the trial court erred in failing to consider his service-related alcoholism as a factor in favor of granting probation.  Recognizing this issue was

1

not raised at sentencing, defendant alternatively contends he received ineffective assistance of counsel.

We conclude the trial court's obligations to consider defendant's military service were not triggered, and reject defendant's ineffective assistance of counsel claim. The judgment is affirmed.

## I. BACKGROUND

Defendant drove under the influence of alcohol, veered into the oncoming lane of traffic, and collided head-on with the victim's car. The victim died due to her injuries. A jury found defendant guilty of second degree murder. (Pen. Code, § 187, subd. (a).)[1]

The probation report noted defendant joined the United States Navy in 1995 and was honorably discharged in 1999. According to the report, defendant was a " 'functional alcoholic' beginning when he was in the U.S. Navy." Although defendant's drinking problem worsened after his father's passing in 2018, he denied it impacted his life until the instant case. The probation report also listed two prior convictions of defendant: misdemeanor petty theft (§ 488) in 1999; and misdemeanor driving under the influence (DUI) (Veh. Code, § 23152, subd. (a)) in 2015. Defendant was granted probation in his DUI conviction.

Defense counsel submitted letters from defendant's friends and family requesting leniency. These letters referred to defendant's service and his alcoholism, and several echoed that defendant's drinking worsened following his father's passing. However, none attributed defendant's alcoholism to his time in the Navy.

At sentencing, the trial court commented the case was "straightforward," and the sentence was "predictable" based on the totality of the circumstances. Although the trial court concluded defendant was statutorily ineligible for probation, it agreed with the

---

[1] Undesignated statutory references are to the Penal Code.

probation report that this conclusion was "essentially academic," because it "would not grant probation in a case of this nature anyway." Applying the factors affecting probation, the trial court observed the crime was serious and involved egregious behavior, criticized defendant for learning nothing from his previous probation for DUI, and expressed concerns that defendant could not control his alcohol addiction. Thus, the trial court denied probation, concluding the public would be best protected if defendant was incarcerated.

The trial court sentenced defendant to an indeterminate term of 15 years to life in state prison. It acknowledged defendant expressed remorse and accepted responsibility after the incident. But it also deemed this case "the poster child" for a second degree murder under *People v. Watson* (1981) 30 Cal.3d 290, where an intoxicated killer drove while aware of the risk to life and consciously disregarded that risk. Thus, the trial court concluded the sentence imposed was a harsh but fair penalty. Defendant timely appealed.

## II. DISCUSSION

Defendant argues the trial court erred because it failed to consider his service-related alcohol abuse problem in denying probation, and such failure necessitates remand. Alternatively, defendant claims he received ineffective assistance of counsel. We are not persuaded.

*A.      Section 1170.9*

Section 1170.9 requires a sentencing court to consider, upon allegation by a criminal defendant, service-related substance abuse as a factor in favor of granting probation. The statute "speak[s] in terms that are mandatory rather than permissive." (*People v. Panozo* (2021) 59 Cal.App.5th 825, 836.) By its plain language, section 1170.9 "unambiguously *obligate[s]* a sentencing court to consider a defendant's service-related . . . substance abuse . . . in making discretionary sentencing choices." (*Ibid.*) In order to trigger the trial court's obligations under section 1170.9, the defendant must allege that he committed the offense as a result of substance abuse stemming from service

3

in the United States military. (§ 1170.9, subd. (a); *People v. Bruhn* (1989) 210 Cal.App.3d 1195, 1199.)

"We review a trial court's sentencing decisions for an abuse of discretion." (*People v. Panozo, supra*, 59 Cal.App.5th at p. 837.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

Here, defendant did not allege that he committed the offense as a result of alcoholism that stemmed from his service in the Navy. The probation report stated defendant's alcoholism started when he served in the Navy, but provided no details as to whether defendant's service contributed to his alcoholism. Both the probation report and letters from defendant's friends and family stated defendant's drinking problem worsened after his father's passing in 2018, long after he was discharged from the Navy. None of defendant's friends and family attributed his alcoholism to his time in the Navy in their letters to the trial court. Based on the record, the trial court's obligations under section 1170.9 were not triggered. (See *People v. Bruhn, supra*, 210 Cal.App.3d at p. 1199; cf. *People v. Panozo, supra*, 59 Cal.App.5th at pp. 830-831, 838-839 [remand necessary where the defendant provided ample uncontested evidence showing his service-related condition contributed to his criminal behavior].)

Because the trial court considered the factors affecting probation in detail, we find it unnecessary to decide whether the trial court erred in concluding defendant was statutorily ineligible for probation.

B.     *Ineffective Assistance of Counsel*

Defendant alternatively argues he received ineffective assistance of counsel because his trial counsel failed to request the trial court consider his service-related alcoholism as a factor favoring probation. We disagree.

The burden of proving ineffective assistance of counsel is on the defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.) To establish constitutionally

4

inadequate representation, the defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. (*Ibid.*)

We defer to trial counsel's reasonable tactical decisions in examining a claim of ineffective assistance of counsel. (*People v. Weaver* (2001) 26 Cal.4th 876, 925.) On direct appeal, "competency is *presumed* unless the record *affirmatively* excludes a rational basis for the trial attorney's choice." (*People v. Musselwhite* (1998) 17 Cal.4th 1216, 1260.) "If the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged, an appellate claim of ineffective assistance of counsel must be rejected unless counsel was asked for an explanation and failed to provide one, or there simply could be no satisfactory explanation." (*People v. Gray* (2005) 37 Cal.4th 168, 207.) Failure to assert a meritless position does not demonstrate ineffective assistance of counsel. (*People v. Kipp* (1998) 18 Cal.4th 349, 377.)

Here, the record sheds no light on why trial counsel chose not to raise section 1170.9 at sentencing. But there are possible satisfactory explanations. None of defendant's friends and family attributed his alcoholism to his time in the Navy in their letters to the trial court. Instead, several acknowledged, consistent with the probation report, that defendant's drinking worsened after his father's passing. It is therefore possible that defense counsel, after speaking to defendant and his friends and family, concluded defendant's drinking problem was unrelated to his service and a section 1170.9 claim lacked merit. Because the record does not exclude a rational basis for trial counsel's failure to make a section 1170.9 claim, we find no ineffective assistance of counsel.

## III. DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

HULL, Acting P. J.

/S/

McADAM, J.*

---

* Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.