Filed 1/6/25  P. v. Pintor CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>NAIN J. PINTOR,<br><br>  Defendant and Appellant. | F086672<br><br>(Super. Ct. No. 18CMS-5532)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Randy L. Edwards, Judge.

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Darren K. Indermill and Jeffrey D. Firestone, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Hill, P. J., Levy, J. and De Santos, J.

## INTRODUCTION

Defendant Nain J. Pintor was convicted by a jury of lewd acts on a child under age 14 and sentenced to a total term of eight years in prison. Although no objection was made during sentencing, defendant argues that he did not forfeit his argument that the trial court misapprehended its statutory duty to sentence him to the lower term because he was a youth at the time of the offenses. The People respond that defendant forfeited this argument by failing to raise it at sentencing and, in any event, the trial court did not err because no facts indicate that defendant's age contributed to the offenses. We affirm the judgment.

## PROCEDURAL BACKGROUND

The District Attorney of Kings County filed an amended information on July 27, 2022, charging defendant with sexual intercourse or sodomy with a child age 10 or younger (Pen. Code,[1] § 288.7, subd. (a); counts 1, 3) and lewd acts upon a child under age 14 (§ 288, subd. (a); counts 2, 4). Defendant pleaded not guilty.

A jury convicted defendant on March 22, 2023, of counts 2 and 4 but could not reach a verdict as to counts 1 and 3. The court declared a mistrial as to counts 1 and 3.

The probation report noted that the victim was seven years old and defendant abused a position of trust as a trusted family member, planned the crime by entering through a window, and did not exhibit any remorse for his conduct. It also noted that defendant had no prior record, had been gainfully employed, and was approximately 19 years old at the time of the offenses. Based upon these circumstances, the probation report recommended the lower term of three years in prison as to count 2 and a consecutive two-year term as to count 4, for a total term of five years in prison. At the sentencing hearing on June 16, 2023, defense counsel asked the court to follow the

---

[1]     Undesignated statutory references are to the Penal Code.

2.

probation report's recommendation but made no other comments. The prosecutor asked the court to sentence defendant to six years (the middle term) as to count 2.

The trial court stated that it had read and considered probation's report and recommendation. The court noted that it had presided over the trial and the case involved two incidents when defendant was 19 years old[2] and he entered the bedroom where his seven-year-old cousin was sleeping and placed his penis into her vagina and anus. The court noted the factors in aggravation and mitigation as identified in the probation report, and the probation report included defendant's age at the time of the offenses.

The court then sentenced defendant to the middle term of six years in prison as to count 2 and a consecutive two-year term as to count 4, for an aggregate term of eight years in prison. The court also reserved victim restitution (§ 1202.4, subd. (f)) and ordered defendant to pay $1,500 restitution and suspended parole revocation restitution fines (§§ 1202.4, subd. (b), 1202.45), $80 in court operations assessments (§ 1465.8), and $60 in criminal conviction assessments (Gov. Code, § 70373). While not reflected in the minute order or abstract of judgment, the court also ordered defendant to pay a $300 sexual offender fine (§ 290.3), a $300 state penalty assessment (§ 1464), a $60 state surcharge (§ 1465.7), a $210 county assessment (Gov. Code, § 76000), a $150 court construction penalty (Gov. Code, § 70372), a $30 DNA funding penal assessment (Gov. Code, § 76104.6), and a $120 DNA funding penal assessment (Gov. Code, § 76104.7). The trial court granted the prosecutor's motion to dismiss counts 1 and 3 and imposed a tier three sexual offender registration requirement (§ 290.006) pursuant to the stipulation of the parties.

Defendant filed a timely notice of appeal on August 2, 2023.

---

**2** According to the probation report, defendant's birthdate indicates that he turned 20 years old in April 2009.

## FACTS

A.M. testified that she lived next door to her grandparents with her mother, father and brother, and her grandparents' residence was next door to the residence of her aunts and uncles. Defendant is her cousin and visited often. The family of defendant's fiancé lived across the street.

Defendant took advantage of A.M. whenever her parents were out and raped her. Defendant sometimes asked her to leave the doors open and entered the house while she was sleeping. On one occasion, A.M. was sleeping in her parents' bed when they were out, and defendant entered the room and lay down next to her. She heard defendant unzip his pants, and he grabbed her hand and "jerked himself off." He got on top of her after removing the bed covers and her clothes and put his penis into her vagina. Defendant finished having intercourse while she was on her back and his fluids fell on her back. Defendant used a towel to wipe her off before he left.

Another time, defendant was socializing with other family members in the garage and came into the house to use the restroom. He then entered A.M.'s bedroom, unzipped her pants, and put her hand on his penis. Defendant left when someone called for him. There was another time when defendant was using the restroom, he called to her and attempted to have her kiss his penis.

In 2015, when A.M. was 13 years old, she met with a doctor for a routine visit. When the doctor asked about her sexual activity, A.M. started to cry and reported that she had been raped by her cousin when she was seven years old. After reviewing her statement to the doctor, A.M. testified that the abuse occurred six years prior to the doctor's appointment, during the summer when she was approximately seven years old, and these events all happened in the same month. When A.M. was interviewed after her visit with the doctor, she pointed out on a diagram the areas of her body where defendant put his penis. At that time, A.M. remembered that defendant once put his penis into her vagina while she was in her bedroom. Defendant sometimes moved her around "and put

4.

[A.M.] to his liking," sometimes entering into buttocks and sometimes her vagina. A.M. was sore for days following the incidents, and defendant's actions caused her to have a rash on her thighs.

During that same interview in 2015, A.M. described two incidents involving defendant, one in her bedroom and one when she was sleeping in her parents' bed. The first time, defendant entered her room while she was in bed, took her clothes off, and put his penis into her vagina. The second time, defendant entered her parents' bedroom where she was sleeping alone, took her clothes off, and put his penis into her butt.

A.M. did not disclose the abuse because she feared it would ruin the family. Additionally, defendant told her not to tell anyone and it would be their "little secret." Defendant also threatened to "go for" A.M.'s niece if A.M. told anyone. A.M. later disclosed defendant's actions to her brother, Omar A., but asked him not to tell because she feared it would ruin the family.

Omar testified that A.M. told him what had been done to her. Omar was 29 years old at the time of trial and testified that he had "put things together" while still a teenager and confronted A.M. She confirmed that "it was true." Omar noticed that A.M. acted differently when defendant was visiting and did not want to be near defendant.

When his parents later found out (after A.M.'s doctor appointment), Omar told the police that he had once encountered defendant in his house at approximately 2:00 a.m. Omar heard sounds from the side of the house and, 20 minutes later, heard banging on the wall. When he investigated the noises, Omar saw defendant walking from the house, and defendant claimed that he was to there to see Omar. This occurred five or six years before 2015, in the summer of 2009.

Eric Pintor, defendant's younger brother, testified that when Eric was teenager, he lived with his father, stepmother, stepbrother, and a stepsister named Karen who was between 11 and 13 years old. Defendant did not live with them but visited. One evening, Eric saw defendant and Karen with their pants down, and defendant had Karen bent over

and was penetrating her with his penis.  They dressed and left the room when they saw Eric.  Defendant was approximately 18 or 19 years old when that happened.

Defendant's former father-in-law testified that defendant was a good person who never did anything wrong.  Defendant's ex-wife testified that she met defendant in 2007 while in high school.  They married in 2010, have a nine-year-old son, and divorced in 2016.  She never observed defendant behave inappropriately with a child and would trust him to care for children.

Defendant testified that the accusations against him were not true.  Defendant visited A.M., her family, and his grandmother who lived next to A.M.  He never broke into A.M's house, was never alone with A.M. in her bedroom or her parents' bedroom, was not in the house in the middle of the night, and never did anything of a sexual nature with A.M.  Defendant also denied sexually assaulting Karen and testified that Eric lied.

Defendant met his ex-wife when she was 14 or 15 years old, and he was 18 years old.  He did not have a good relationship with A.M. because she was spoiled and would "always run to tell her parents if I was looking at her a certain way or if I would make any jokes towards her."  Defendant had a good relationship with Omar.  However, defendant claimed that A.M., Omar, and A.M.'s mother "orchestrated" the accusations because by implicating defendant, A.M.'s mother, who was not lawfully in the United States, could obtain a visa and stay in the country.  They also contacted defendant's brother, Eric, and told him to accuse defendant.

## DISCUSSION

Defendant argues that the matter must be remanded for resentencing under section 1170, subdivision (b)(6)(B), as amended by Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567), which makes the lower term sentence presumptively appropriate where defendant's youth contributed to the offense.  He argues that he is entitled to be resentenced pursuant to section 1170, subdivision (b)(6)(B) because he was a "youth," approximately 20 years old, at the time of the offenses.  (See § 1016.7, subd. (b) [a

6.

" 'youth' " for purposes of § 1170 includes any person under 26 years of age on the date the offense was committed].)  Defendant argues that the failure to discuss his age as a mitigating circumstance during sentencing is evidence that the court was unaware that the lower term was the presumptive sentence.  Further, defendant asserts that his claim is not forfeited, arguing that the court misunderstood its statutory obligation when it failed to expressly address defendant's youth or section 1170, subdivision (b)(6)(B) at the time of sentencing.  The People argue that defendant's claim is forfeited.  In the alternative, the People argue that defendant failed to make an initial showing that his youth was a "contributing factor" in his commission of the offenses, following the court in *People v. Fredrickson* (2023) 90 Cal.App.5th 984, 991 (*Fredrickson*).  Defendant disagrees with the *Fredrickson* court on this point.  We agree with the People in both respects.

> ***I.***     ***Defendant forfeited his argument that the trial court abused its discretion in failing to sentence him to a presumptive lower term sentence pursuant to section 1170.***

**A.     Background**

Effective January 1, 2022, Senate Bill 567[3] amended section 1170 to include a presumption in favor of the lower term sentence when a defendant is under 26 years of age at the time of the offense and the defendant's age was a contributing factor to the offense, unless the court finds that the aggravating circumstances outweigh the mitigating circumstances.  (§§ 1170, subd. (b)(6)(B) [amended by Stats. 2021, ch. 731, § 1.3],

---

[3]     Three bills amending section 1170 were enacted and signed into law on the same date during the 2021–2022 Regular Session:  Senate Bill 567 (Stats. 2021, ch. 731, § 1.3); Assembly Bill No. 124 (Stats. 2021, ch. 695, § 5); and Assembly Bill No. 1540 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 719, § 2).  Senate Bill 567 takes precedence over the other two because it bears the highest chapter number and was enacted last.  (Gov. Code, § 9605, subd. (b); *In re Thierry S.* (1977) 19 Cal.3d 727, 738–739, superseded by statute on another ground as stated in *In re Gregory S.* (1980) 112 Cal.App.3d 764, 772.)  Senate Bill 567 states that if all three bills amending section 1170 are enacted and become effective on or before January 1, 2022, and Senate Bill 567 is enacted last, then section 1.3 of that bill, which incorporates the amendments proposed by all three bills, shall become the operative law.  (Stats. 2021, ch. 731, § 3.)

1016.7, subd. (b) [added by Stats. 2021, ch. 695, § 4].) Defendant was sentenced on June 16, 2023, approximately one and a half years after Senate Bill 567 took effect. Defendant was under 26 years old at the time of the offenses. While defense counsel urged the court to accept the probation report's recommendation for the lower term sentence, he did not argue that defendant's age "was a contributing factor in the commission of the offense" that may require imposition of the lower term. (§ 1170, subd. (b)(6).)

### B.    Applicable Law and Standard of Review

Defendant challenges the trial court's failure to expressly consider defendant's youth and section 1170, subdivision (b)(6)(B) for the first time on appeal. However, " '[a] party in a criminal case may not, on appeal, raise "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" if the party did not object to the sentence at trial. [Citation.] The rule applies to "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons ...." ' " (*People v. Scott* (2015) 61 Cal.4th 363, 406, first bracketed insertion added.)

### C.    Analysis

Failure to raise the issue in the trial court forfeits defendant's claim that he is entitled to have the court consider applying the presumption in favor of a lower term sentence. (*People v. Achane* (2023) 92 Cal.App.5th 1037, 1044 (*Achane*).) In *Achane*, the defendant argued on appeal that the record showed he suffered trauma, triggering the presumption in favor of a lower term sentence (§ 1170, subd. (b)(6)(A)). (*Achane*, at p. 1042.) The court reasoned that section 1170, subdivision (b)(6) applies if one of the enumerated circumstances " 'was a contributing factor in the commission of the offense' " and the court does not find aggravating circumstances outweigh " 'the

mitigating circumstances that imposition of the lower term would be contrary to the interests of justice.' " (*Achane*, at p. 1044.) A trial court's decision whether to apply this provision depends on both factual determinations and the exercise of discretion. (*Ibid.*) Thus, a sentence imposed without consideration of section 1170, subdivision (b)(6) is not one that " 'could not lawfully be imposed under any circumstance in the particular case.' " (*Achane*, at p. 1044, quoting *People v. Scott* (1994) 9 Cal.4th 331, 354.) *Achane* held that the defendant forfeited his claim by failing to object or raise the issue at the time of sentencing, when section 1170 amendments went into effect nearly a year before the defendant was sentenced. (*Achane*, at p. 1047.)

Only "a narrow class of sentencing issues … are reviewable in the absence of a timely objection," such as when a court fails to exercise its discretion. (*People v. Leon* (2016) 243 Cal.App.4th 1003, 1023.) Defendant argues that the issue is not forfeited because he "does not challenge the manner in which the trial court exercised its sentencing discretion but rather its apparent misapprehension of statutory sentencing obligations," quoting *People v. Panozo* (2021) 59 Cal.App.5th 825, 840 (*Panozo*) and also citing *In re D.L.* (2012) 206 Cal.App.4th 1240, 1244, which found no forfeiture of a defendant's argument that the court failed in its "mandatory duty" to assess the minor's eligibility for deferred entry of judgment.

Defendant argues that the record demonstrates the court was unaware of the requirements of section 1170, subdivision (b)(6)(B) because neither the court, counsel, nor the probation officer referenced it. We are not convinced that a misapprehension of a trial court's statutory sentencing obligation is demonstrated when the court does not expressly consider a defendant's youth, or state that it has taken section 1170, subdivision (b)(6)(B) into account at the time of sentencing. Furthermore, we believe that the reasoning in *Achane* is persuasive, where the court held that the consideration of whether to impose a sentence pursuant to section 1170, subdivision (b)(6)(B) is an exercise of discretion and follows that the sentence is not one that " 'could not lawfully

9.

be imposed under any circumstance in the case.' " (*Achane, supra*, 92 Cal.App.5th at p. 1044.)

Some cases have held that the misapprehension of statutory sentencing obligations may arise when a "prima facie" showing of eligibility under a statute is made, but the record fails to show the court is aware of or considered its statutory obligations to sentence under that statute. (See *People v. Bruhn* (1989) 210 Cal.App.3d 1195, 1199–1200 (*Bruhn*); *People v. Leon, supra*, 243 Cal.App.4th at p. 1026 [relief from a court's misunderstanding of its sentencing discretion is available on appeal when such misapprehension is affirmatively demonstrated by the record].) But that is not the case here. There is nothing in the record to reflect that the trial court was not aware of, or did not understand, its statutory obligation at the time of sentencing. An initial showing of the application of section 1170, subdivision (b)(6)(B) was never made. Defendant essentially relies on a silent record.

"Absent evidence to the contrary, [appellate courts] presume that the trial court knew the law and followed it." (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042; see also *People v. Stowell* (2003) 31 Cal.4th 1107, 1114; *People v. Martinez* (2017) 10 Cal.App.5th 686, 728.) Moreover, appellate courts "presume that a judgment or order of the trial court is correct," and " ' "[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." ' " (*People v. Giordano* (2007) 42 Cal.4th 644, 666; see also *Martinez*, at p. 728.) "Thus, where a statement of reasons is not required and the record is silent, a reviewing court will presume the trial court had a proper basis for a particular finding or order." (*Stowell*, at p. 1114; see also *In re Julian R.* (2009) 47 Cal.4th 487, 499.)

As we noted, the amendment to section 1170, subdivision (b)(6)(B) was in effect when defendant was sentenced. Defendant's date of birth was noted in the probation report, which the court adopted at the time of sentencing. The court was aware of defendant's age at the time of the commission of the offenses and commented on it before

10.

pronouncing sentence.  Furthermore, apart from being under 26 years of age at the time of the offense, nothing else was before the court to indicate that defendant's age was a contributing factor to the offenses.  We must presume, in the absence of an indication to the contrary, that the court considered defendant's youth under section 1170, subdivision (b)(6)(B) and, because no facts were offered by any party showing that defendant's youth was a contributing factor in the commission of the offenses, the court concluded its discretion was not constrained.  (See *People v. Weddington* (2016) 246 Cal.App.4th 468, 492 [it is well established that a trial court is presumed to be aware of, and follow, the law in exercising its sentencing discretion].)

While defendant's contentions about the trial court's failure to address defendant's youth or section 1170, subdivision (b)(6)(B) have been forfeited, we will nevertheless address the merits of this issue to forestall any later claim of ineffective assistance of counsel.  (See *People v. Williams* (1998) 17 Cal.4th 148, 161–162, fn. 6; *People v. Crittenden* (1994) 9 Cal.4th 83, 146.)

## II.    *Defendant has failed to demonstrate that the trial court abused its discretion in failing to sentence him to the lower term.*

Senate Bill 567's amendment to section 1170, subdivision (b)(6)(B) makes the lower term sentence the presumptive maximum term of imprisonment if a defendant's "youth" was a "contributing factor" in his commission of the offense.  (§ 1170, subd. (b)(6)(B), as amended by Stats. 2021, ch. 731, § 1.3.)

Section 1170, subdivision (b)(6)(B) "does not mandate a presumption in favor of the lower term in every case in which the defendant was under age 26 at the time the crime was committed."  (*Fredrickson, supra*, 90 Cal.App.5th at p. 991.)  To trigger the statutory presumption, there must be some initial showing that the defendant's youth was a "contributing factor."  (*Id.* at p. 992.)  Such a showing requires some facts or evidence that the defendant's youth was "a contributing factor" in his or her commission of the offense, it is not enough to only show that the defendant was under 26 years old at the

11.

time of the underlying offense. (*Id.* at pp. 992–993.) While it may seem reasonable to presume a defendant's youth is a contributing factor whenever a youth commits a crime, the Legislature opted to require a finding of causation as to all the circumstances in section 1170, subdivision (b)(6), and "we have no authority to rewrite the statute." (*Fredrickson*, at p. 993, fn. 7.) As long as the record demonstrates that the defendant's youth contributed to the commission of the offense, the defendant need not request a lower term sentence and the showing need not be by the defendant but may be demonstrated by a showing by the prosecution or facts or recommendations in the probation officer's report. (*Id.* at p. 994, fn. 8.)

*Fredrickson* looked to the language in *Bruhn, supra*, 210 Cal.App.3d at pages 1199–1200 when attempting to clarify what initial showing would be sufficient to obligate a trial court to make an express finding regarding the section 1170, subdivision (b)(6)(B) lower term presumption, noting *Bruhn* determined that facts and evidence presented sufficed as an " 'initial showing,' " a " 'prima facie showing,' " and a " 'preliminary showing.' " (*Fredrickson, supra*, 90 Cal.App.5th at pp. 993–994.) Interpreting former section 1170.9, which required the court to consider federal commitment for treatment whenever a defendant who served in combat suffers from substance abuse or psychological problems related to that service, *Bruhn* held that the defendant need only make an initial showing of those facts. (*Bruhn, supra*, 210 Cal.App.3d at p. 1199.) Despite making this preliminary showing, the trial court summarily sentenced the defendant without indicating that federal commitment for treatment for substance abuse or psychological problems resulting from combat service under former section 1170.9 had been considered. These facts established that the trial court failed to exercise discretion even though the initial showing was made and required remand. (*Bruhn*, at pp. 1200–1201.)

Similarly, in *Panozo*, there was a sufficient initial showing of the mitigating factor of the defendant's service-related diagnosis of posttraumatic stress disorder, alcohol

abuse, and other mental health issues arising out of his service in the military under section 1170.91, which obligates a court to consider this factor when evaluating whether to place defendant on probation. (*Panozo, supra*, 59 Cal.App.5th at p. 837.) Although defense counsel argued these facts at sentencing and provided documentation of the defendant's condition (*id.* at pp. 837–838), remand was required because the trial court failed to consider this initial showing of mitigating factors when it denied probation and imposed the lower term. (*Id.* at p. 839.)

*Fredrickson* distinguished its case from *Bruhn* and *Panozo* and considered the initial showings in both cases when it concluded that the trial court's failure to consider the lower term presumption did not require remand because no "initial showing" by way of facts or evidence was made to demonstrate that the defendant's youth was a "contributing factor" in his commission of the crime. (*Fredrickson, supra*, 90 Cal.App.5th at p. 994.)

In the record before us, there are no facts or evidence to suggest that defendant's youth was a contributing factor in the commission of the offenses. We do not believe that defendant's age and lack of criminal history are sufficient in this regard without any explanation for defendant's sexual assault of a seven-year-old, especially where defendant and his relatives deny the offenses occurred. *Fredrickson* rejected the argument that the initial showing need only be that defendant was under the age of 26 years at the time of commission of the offense. (See *Fredrickson, supra*, 90 Cal.App.5th at p. 993, fn. 7.) The plain statutory language requires a finding of causation that makes youth a ground for the lower term presumption only if it was a "contributing factor" in the commission of the offense. (*Id.* at p. 992.) The initial showing must address both age and causation.

At the sentencing hearing, the trial court gave both counsel and defendant an opportunity to address the court regarding sentencing, but while counsel argued in support of probation's recommendation of a lower term sentence, he neither mentioned

section 1170, subdivision (b)(6)(B) or suggested that defendant's youth contributed to the offenses. Moreover, nothing in the probation report or the facts of the prosecution's case demonstrates that defendant's youth was a contributing factor in the commission of the offenses.

Defendant failed to make a sufficient preliminary showing that his youth was a contributing factor in the commission of the offenses. We do not find that the trial court abused its discretion in imposing the middle term without evidence that defendant's youth was a contributing factor in his commission of the crimes. Therefore, defendant is not entitled to resentencing on this basis.

## DISPOSITION

The trial court is directed to amend the abstract of judgment and June 16, 2023 sentencing minute order to include the court's order that defendant pay a $300 sexual offender fine (§ 290.3), a $300 state penalty assessment (§ 1464), a $60 state surcharge (§ 1465.7), a $210 county assessment (Gov. Code, § 76000), a $150 court construction penalty (Gov. Code, § 70372), a $30 DNA funding penal assessment (Gov. Code, § 76104.6), and a $120 DNA funding penal assessment (Gov. Code, § 76104.7) and forward the amended abstract of judgment to the Department of Corrections and Rehabilitation.

In all other respects, the judgment is affirmed.

14.