Filed 10/11/23  P. v. Palmer CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>ELUE DWIGHT PALMER,<br><br>        Defendant and Appellant. | A164286<br><br>(San Mateo County<br>Super. Ct. No. 21-NF-006676-A) |

Defendant Elue Palmer was convicted of unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)) (count 1); receiving stolen property (Pen. Code, § 496d, subd. (a))[1] (count 2); and misdemeanor possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)) (count 3).  On count 1, the trial court sentenced defendant to the upper term of four years in prison, suspended execution of the sentence, and placed him on formal probation for two years.  On count 2, the trial court sentenced defendant to the upper term of three years in prison and stayed execution of the sentence pursuant to Penal Code section 654.

In this appeal, defendant argues that the matter should be remanded for resentencing pursuant to newly amended section 1170, subdivision (b)(6) (section 1170(b)(6)).  Defendant then requests that the sentencing minute

---

[1] All undesignated statutory citations herein are to the Penal Code.

order be modified to (1) amend the condition of his probation prohibiting ownership, possession, custody or control of " 'any weapon' " on the grounds that it is unconstitutionally overbroad and vague; and (2) impose the $40 court operations fee and $30 criminal conviction assessment as separate orders instead of probation conditions.  Defendant also requests that the portion of the judgment imposing a restitution collection fee be vacated pursuant to Assembly Bill No. 177 (2021–2022 Reg. Sess.).

The Attorney General argues that remand is unnecessary and that the trial court's oral rendition of the probation condition on weapons—prohibiting any " 'dangerous or deadly' " weapons—is controlling and not overbroad or vague.  The Attorney General concedes that the court operations fee and criminal conviction assessment should be issued as separate orders and that any remaining restitution collection fee is unenforceable.

We order the trial court on remand to amend the sentencing minute order to reflect its oral pronouncement regarding the probation condition on weapons, and to impose the court operations fee and criminal conviction assessment as separate orders.  We also vacate the portion of the judgment imposing any restitution collection fee.  We otherwise affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant was charged, on July 1, 2021, by felony information with unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)), receiving stolen property (Pen. Code, § 496d, subd. (a)), and misdemeanor possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)). The information also alleged that defendant had a prior conviction for vehicle theft with a 16-month prison sentence and a prior serious or violent felony conviction for robbery (Pen. Code, § 211) qualifying as a strike (Pen. Code, §§ 667, subd. (d), 1170.12, subd. (b)).

2

On September 8, 2021, the jury found defendant guilty on all three counts. The prior convictions were also found true. According to the probation report, 27-year-old defendant began engaging in substance abuse at age 16 and has been unhoused since age 20. Defendant reported that he was diagnosed with "paranoid schizophrenia" at age 21 and hospitalized for one week but that he stopped taking medication after a few days and has not experienced any symptoms of schizophrenia for the past three years. Defendant violated probation on another prior conviction for vehicle theft.

Defendant moved to strike his strike prior, pursuant to section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). Defendant stated that the prior serious felony conviction for robbery involved $50 of store merchandise and the allegation that defendant pulled a knife on a store employee who attempted to prevent him from leaving. Defendant also stated that "[h]is parents were in the military and sadly, due to their separation, Mr. Palmer became misguided and addicted to drugs." Defendant requested that he be sentenced "to probation with a sentence modifiable to residential drug treatment," as he had been accepted into a program at the Delancey Street Foundation.

At the sentencing hearing, on November 29, 2021, the trial court noted its review of the *Romero* motion and probation report. Defendant addressed the court and stated that he had a history of drug use and had admitted on the stand to smoking marijuana before he purchased the stolen vehicle. Defendant also expressed "an effort to instill within myself that drugs are something that I do not want to do anymore."

The trial court struck defendant's prior serious felony conviction. It stated: "This is what I will do. And this needs to go on the record. I'm taking a big chance on you, Mr. Palmer, and the biggest reason I want to take

3

a break, I want to do something to try to break the cycle of criminality. I can send you to prison for four years, like the District Attorney requested. You would be out in less than three; you would be back on the street and using drugs, and that might—it might cost you your life, ultimately, you know, when you start using drugs so bad." The court explained that it was striking the strike for three reasons. "Number one, is because you got into Delancey Street. . . . [¶] Number two, this was not a crime of violence. And number three, it was—the crime was the result of the drug problem." The court continued: "I want to make sure you understand. I am going to sentence you to the maximum, and suspend that which means—suspend the execution of that, which means that if you get out of probation you will get the upper term, which is four years in the Department of Corrections without any credits if you violate; do you understand?" Defendant responded, "Yes, sir."

The trial court sentenced defendant on count 1 to the upper term of four years in prison, suspended execution of the sentence, and placed him on formal probation for two years. It stated: "I am going to sentence you on Count 1 to the upper term of four years. And that is due to your prior prison term and violation of probation, and four years in the Department of Corrections." On count 2, the court sentenced defendant to the upper term of three years in prison and stayed execution of the sentence pursuant to section 654. On count 3, the court sentenced defendant to no jail time.

The trial court imposed various conditions of probation, including that defendant "[n]ot possess any dangerous or deadly weapons or firearms or ammunition, including ammunition feeding devices." It ordered defendant to pay certain fines and fees, including a $40 court operations fee and $30 conviction assessment. The court also ordered defendant to pay victim

4

restitution "in an amount to be determined through probation as directed plus any collection fee as required."

The sentencing minute order dated November 29, 2021, listed the court operations fee and conviction assessment as probation condition Nos. 3 and 4. Probation condition No. 9 stated: "Defendant not to own or have possession, custody or control; [*sic*] of any weapon."

## DISCUSSION

### I.    *No remand under section 1170(b)(6) is required.*

At the time of defendant's sentencing, section 1170(b)(6) afforded the trial court with discretion to select the appropriate term of imprisonment where a statute specified three possible terms. (Stats. 2015, ch. 378, § 2.) The statutes underlying defendant's convictions on count 1 (vehicle theft) and 2 (receiving stolen property) each set forth a sentencing triad. (See §§ 666.5, subd. (a) [person previously convicted of felony vehicle theft punishable by imprisonment "for two, three, or four years"], 496d, subd. (a) [person who receives stolen vehicle punishable by imprisonment "for 16 months or two or three years"].)  Here, the trial court exercised its discretion to sentence defendant to the upper term on both convictions.

While defendant was on probation, the Legislature amended section 1170, effective January 1, 2022, to limit the trial court's discretion on sentencing in certain circumstances. (Stats. 2021, ch. 695, § 5.)  It now provides, in relevant part, that "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced

5

psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." (§ 1170, subd. (b)(6)(A).)

Here, defendant argues that remand is necessary under this newly amended section 1170(b)(6) because the record reveals that he "may have suffered from childhood trauma and that he likely suffers from two mental illnesses: schizophrenia and stimulant use disorder." The Attorney General does not dispute that these ameliorative amendments apply retroactively to defendant, as his judgment was not yet final when the amendments went into effect. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.) Instead, the Attorney General argues that remand is unnecessary as the record clearly indicates that the trial court would have sentenced defendant to the upper terms, even if it had been aware of its discretion under the newly amended section 1170(b)(6).

"We review a trial court's sentencing decisions for an abuse of discretion . . . ." (*People v. Panozo* (2021) 59 Cal.App.5th 825, 837.) The party challenging the sentence bears the burden to show abuse of discretion. (*People v. Lee* (2017) 16 Cal.App.5th 861, 866.) " 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 (*Gutierrez*).) " 'A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' " (*Ibid.*) "In such circumstances, we have held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*Ibid.*)

In *People v. Fredrickson* (2023) 90 Cal.App.5th 984 (*Fredrickson*), we identified the "proper test" in reviewing a trial court's failure to impose the lower term presumption from section 1170(b)(6): "[T]he record must 'affirmatively' show compliance with a statutory sentencing mandate whenever the mandate has been 'trigger[ed]' by an 'initial showing' of the applicability of the statute." (*Fredrickson*, at p. 991, quoting *People v. Bruhn* (1989) 210 Cal.App.3d 1195, 1199–1200.) In other words, there must be "some initial showing" of trauma as a contributing factor to invoke the statute. (*Fredrickson*, at p. 992.)

As to defendant's claim that he "may" have suffered from childhood trauma, we are not persuaded that this initial showing has been made. In *Fredrickson*, for example, the defendant argued that she was 23 years old at the time of the offense but conceded there was " 'no explicit indication in the record' " that her youth contributed to the commission of the offense. (*Fredrickson, supra*, 90 Cal.App.5th at pp. 988, 994.) We reviewed the probation reports, sentencing memorandum, letters submitted on her behalf, and arguments at the sentencing hearing, and concluded there was "no clear indication" that youth was a contributing factor. (*Ibid.*) Here, like *Fredrickson*, there is no indication that defendant suffered childhood trauma as described by section 1170(b)(6), or that it was itself a contributing factor in the offense. At most, the record shows that the separation of defendant's parents may have contributed to his drug abuse.

Nor is there any showing that trauma from schizophrenia was a contributing factor in the offense. "To be clear, we do not hold mental illness alone qualifies for the lower term presumption. Psychological trauma must attend the illness, and that trauma must contribute to the crime under section 1170, subdivision (b)(6)." (See *People v. Banner* (2022) 77 Cal.App.5th

7

226, 241, italics omitted (*Banner*).) There is nothing in the record to suggest that defendant suffered psychological trauma from schizophrenia or that it was a contributing factor in the offense. On the contrary, the record indicates only that defendant reported a diagnosis and past hospitalization but had not experienced any symptoms of schizophrenia in the three years before the offense.

Defendant relies on *Banner* to argue that remand is still appropriate because there was no "meaningful incentive" to assess whether such trauma contributed to the crime. We are not persuaded. In *Banner*, the trial court concluded that the defendant's mental illness was not a "significant" factor in the crime, the standard for granting pretrial diversion, and sentenced him to nine years in prison. (*Banner, supra*, 77 Cal.App.5th at pp. 232, 241.) The appellate court granted the defendant's request to remand for resentencing based on the newly amended section 1170(b)(6). (*Banner*, at p. 242.) It explained: "[W]e generally expect arguments developing mental illness as mitigation to appear in the record in one form or another. Classic examples include plea negotiations, trial proceedings, and sentencing hearings. We believe, however, neither Banner nor the court had a meaningful incentive to assess whether mental illness was a limited but nonetheless 'contributing factor' in the crime." (*Ibid.*) *Banner* is distinguishable because the defendant and trial court here had (and took) incentives to assess these factors. Defendant filed a *Romero* motion that said nothing about schizophrenia; nor did he refer to it in addressing the court at sentencing. Moreover, not only is the record undeveloped on defendant's claim of trauma from schizophrenia but also, as described *ante*, it contains a statement from defendant that *contradicts* any argument that schizophrenia was a contributing factor in the offense.

8

As to defendant's claim of trauma from stimulant use disorder, however, we are persuaded that an initial showing has been made. (*Fredrickson, supra*, 90 Cal.App.5th at p. 991.) In granting the *Romero* motion, the trial court explicitly found that "the crime was the result of the drug problem." We thus turn to the question of whether the record " 'clearly indicate[s]' " that the trial court would have nonetheless imposed the upper term because the aggravating circumstances outweighed the mitigating circumstances. (*Gutierrez, supra*, 58 Cal.4th at p. 1391.) If it does, remand for resentencing is not required. (*Ibid.*)

We need not rely only on the presence of aggravating and mitigating factors in defendant's *Romero* motion and probation report to answer this question. (Contra, *People v. Salazar* (2022) 80 Cal.App.5th 453, 463–464 [concluding record clearly indicated trial court would not have imposed lower term because probation report identified multiple aggravating factors; court denied *Romero* motion, request for probation, and request for concurrent sentences; offenses were "akin to torture"; and court imposed criminal protective order].) Here, the transcript from the sentencing hearing makes clear that the trial court weighed these aggravating and mitigating factors in reaching its sentencing decision. The court stated that it was "taking a big chance" on defendant to try to "break the cycle of criminality," of being sent to prison and then "back on the street and using drugs . . . ." It explained that the nonviolent crime "was the result of the drug problem" and that defendant had been accepted into a residential treatment program. Despite this mitigating factor, however, the court stated that it was sentencing defendant to the "maximum" term of imprisonment based on aggravating circumstances: defendant's "prior prison term and violation of probation, and four years in the Department of Corrections." Given these considerations, we

conclude that the record " 'clearly indicate[s]' " the trial court would have imposed the upper terms even if it had been aware of its discretion under the newly amended section 1170(b)(6). (*Gutierrez, supra*, 58 Cal.4th at p. 1391.) Remand is not required.

## II. *Minute order is to be amended to reflect oral pronouncement regarding probation condition on any "deadly or dangerous" weapon.*

Defendant argues that the probation condition in the minute order—"not to own or have possession, custody or control; [*sic*] of any weapon"—is unconstitutionally overbroad and vague. The Attorney General concedes that defendant is not precluded from raising this argument despite failing to object at the time the condition was imposed because it is a "facial challenge" to the language of the probation condition. (*In re Sheena K.* (2007) 40 Cal.4th 875, 885.) Our review is de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

Defendant argues that the condition is unconstitutionally overbroad because there is no evidence that he used any weapon in the current offense and the record "fails to support a strong connection between possession of any weapon and potential future criminality." We are not persuaded.

A probation condition is unconstitutionally overbroad "if it (1) 'impinge[s] on constitutional rights,' and (2) is not 'tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation.' " (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.) "Generally, '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." ' " (*People v. Olguin* (2008) 45 Cal.4th 375, 379.) "This test is conjunctive—all three

10

prongs must be satisfied before a reviewing court will invalidate a probation term." (*Ibid.*) "As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality." (*Id.* at pp. 379–380.)

While there may be no evidence that he used a weapon in the current offense, defendant was previously convicted of robbery and conceded in his *Romero* motion that this robbery included the alleged use of a knife. "When a probationer has been convicted of a violent crime, imposition of a strict condition of probation prohibiting ownership or possession of weapons is essential to promote public safety." (*People v. Forrest* (2015) 237 Cal.App.4th 1074, 1083.) It is also reasonably related to the interest of preventing a probationer's future criminality. (*Id.* at p. 1081.) We thus conclude that the weapons condition is not constitutionally overbroad on these grounds.

Defendant argues next that the condition is unconstitutionally vague because it "lacks sufficient precision to allow [him] to know what is required of him and to enable a court to determine whether the condition has been violated." Specifically, defendant seeks to modify the condition to restrict possession of any " 'deadly or dangerous' " weapon.

The Attorney General appears to concede that this condition is limited to " 'dangerous or deadly' " weapons because such limitation was included in the *oral* pronouncement of the condition, which is controlling. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385 ["Where there is a discrepancy between the oral pronouncement of judgment and the minute order . . . , the oral pronouncement controls"].) We thus direct the trial court to amend the sentencing minute order to reflect the "dangerous or deadly" limitation on

11

this probation condition. We do so particularly given that the minute order must be otherwise amended as to the fee and assessment described *post*.

Beyond this "dangerous or deadly" limitation, defendant also requests a modification of this probation condition that would *add* a restriction for possession of " 'any instrumentality that is capable of being used as a weapon and that defendant possesses with the intent to inflict or to threaten to inflict bodily injury or death.' " Defendant does not present argument or authority regarding why the current condition is unconstitutional without this addition, or how it would cure any infirmity. The probation condition as currently pronounced does not include a catchall provision. (Contra, *In re Kevin F.* (2015) 239 Cal.App.4th 351, 357 [addressing probation condition restricting possession of " 'anything that you could use as a weapon' "], disapproved on other grounds in *People v. Hall* (2017) 2 Cal.5th 494, 503, fn. 2.) We see no basis to add one here.

### III. *Minute order is to be amended to impose court operations fee and criminal conviction assessment as separate orders.*

Defendant argues, and the Attorney General concedes, that the sentencing minute order improperly reflects the $40 court operations fee and $30 criminal conviction assessment as conditions of his probation instead of separate orders.

Such fees and assessments are " 'collateral' to a defendant's crime and punishment" and "not oriented toward a defendant's rehabilitation but toward raising revenue for court operations." (*People v. Kim* (2011) 193 Cal.App.4th 836, 842.) " '[A] defendant may be imprisoned for violating a probation condition, but not for violating an order to pay costs and fees.' " (*Ibid.*) Accordingly, we direct the trial court to amend the sentencing minute order to impose the $40 court operations fee and $30 criminal conviction assessment as separate orders instead of probation conditions.

**IV.** *Judgment is vacated as to the restitution collection fee.*

Defendant argues, and the Attorney General concedes, that the restitution collection fee is unenforceable and uncollectible. At the time of defendant's sentencing, former section 1203.1, subdivision (*l*) provided that "[i]f the court orders restitution to be made to the victim, the entity collecting the restitution may add a fee to cover the actual administrative cost of collection, but not to exceed 15 percent of the total amount ordered to be paid." (Stats. 2021, ch. 257, § 21.)

Assembly Bill No. 177 (2021–2022 Reg. Sess.) repealed and replaced former section 1203.1 as of January 1, 2022. (Stats. 2021, ch. 257, § 22.) It eliminated the restitution collection fee, as subdivision (*l*) of section 1203.1 now addresses an entirely different subject matter and no longer mentions the fee. (*Ibid.*) Section 1465.9, subdivision (b) also provides, in relevant part, that "[o]n and after January 1, 2022 the balance of any court-imposed costs pursuant to Section . . . 1203.1 . . . , as those sections read on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Stats. 2021, ch. 257, § 35.) We thus vacate the portion of the judgment imposing the restitution collection fee.

## DISPOSITION

The portion of the judgment imposing "any collection fee as required" for payment of victim restitution is vacated. The trial court is directed to modify the November 29, 2021 sentencing minute order in two regards: (1) to reflect the probation condition on weapons as "Defendant not to own or have possession, custody, or control of any dangerous or deadly weapon."; and (2) to impose the $30 conviction assessment and $40 court operations fee as separate orders and not conditions of probation. In all other respects, the judgment is affirmed.

13

Jackson, P. J.

WE CONCUR:

Simons, J.
Burns, J.